# GORDON, SECRETARY OF BANKING, ET AL. *v.* WASHINGTON ET AL.*

No. 549.   Argued March 7, 1935.—Decided April 1, 1935.

---

* Together with No. 550, *Gordon, Secretary of Banking, et al.* v. *O'Brien et al.*   Certiorari to the Circuit Court of Appeals for the Third Circuit.

*Mr. Joseph K. Willing,* with whom *Mr. Charles J. Margiotti,* Attorney General of Pennsylvania, and *Mr. Shippen Lewis,* Special Deputy Attorney General, were on the brief, for petitioners.

*Mr. David Bortin* for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

In these cases certiorari was granted to review a decree of the Court of Appeals for the Third Circuit, 73 F. (2d) 577, which affirmed a decree of the district court overruling motions to dismiss the bills of complaint and to vacate the appointments of receivers. The questions involved are of public importance. See

*Pennsylvania* v. *Williams,* 294 U. S. 176; *Gordon* v. *Ominsky,* 294 U. S. 186; *Penn General Casualty Co.* v. *Pennsylvania,* 294 U. S. 189.

On February 14, 1933, petitioner, the Secretary of Banking of the Commonwealth of Pennsylvania, took possession of the business and property of the Chester County Trust Company, a Pennsylvania banking corporation. By § 21 of the Banking Act of 1923, P. L. 809, he is authorized to take possession of and to liquidate the business and property of banking corporations of the commonwealth which are in "an unsafe or unsound condition." Pursuant to § 22, he filed a "certificate of possession" in his office and on the following day filed a certified copy of the certificate with the prothonotary of the Court of Common Pleas of Chester County. When this is done, he has, by § 29, the status of a receiver appointed by any court of equity of the commonwealth.

Included in the business and property taken over by the Secretary were two trust funds, or "mortgage pools," consisting of mortgages held by the trust company as fiduciary, against which it had issued participation certificates entitling the holder to an undivided share in the principal and interest of mortgages aggregating in excess of $2,900,000 in one pool and of $1,700,000 in the other. The Department of Banking Code of May 15, 1933, P. L. 565, which became effective July 3, 1933, provides in § 701 that the Secretary, when in possession of the business and property of a banking corporation, shall have the status of a general receiver and be responsible to the court in which his certificate of possession is filed, in this case the Court of Common Pleas of Chester County, and that he shall exercise all the rights, powers and duties of the corporation and succeed to its title and right to possession of all property and securities. Article IX of the Code, §§ 901–905, provides for the disposition of the trust funds and mortgage pools of a trust company taken over by the Secretary. After he has filed a notice of his intention to

proceed with its liquidation, any certificate holder of a mortgage pool is authorized to apply to the court for the appointment of a substituted fiduciary of the pool. The Secretary is required, " as soon as it may be convenient," to file in court an account of the securities in any mortgage pool conducted by the trust company, and he is directed to apply for the appointment of a substituted fiduciary of the mortgage pool if, within thirty days after the filing of the account, no certificate holder has made such an application. The Code thus provides for the Secretary's possession and administration of the mortgage pools of a closed bank until such time as a substituted fiduciary is appointed.

The bills of complaint in the present suits, naming the Secretary as defendant, were respectively filed in the district court on August 25th and August 28th, 1933, approximately a month and three weeks after the mortgage pool provisions of the Banking Code had become effective. There is no material difference between the two bills of complaint. The plaintiff in No. 549, respondent here, a citizen of Connecticut, is alleged to be the owner of a participation certificate in the larger of the two pools, and the plaintiff in No. 550, respondent here, a citizen of New Jersey, is alleged to be the owner of a participation certificate in the smaller. Each bill, after stating the facts already detailed with respect to the Secretary's possession of the property of the trust company, including the mortgage pools, alleged that the plaintiff had received no interest or income on his participation certificate after the Secretary had taken possession; that the Secretary had filed no account of the mortgage pools; and avers, on information and belief, " that interest on many of the mortgages comprising said pool has not been paid . . . and that little effort is made to secure the collection of the interest. . . ." It is also alleged that " there is danger of sales by the respective authorities by reason of the nonpayment of taxes on said properties and that little effort

is being made to compel the payment of taxes. . . ." The bills contain no charge of improper conduct, neglect or mismanagement, or any allegation that the failure of the mortgagors to pay interest and taxes was due to want of diligence on the part of the Secretary. They pray the appointment of a receiver to take charge of, conserve and administer all the assets comprising the mortgage pools, but they do not ask the appointment of a new trustee or the removal of the Secretary, or pray any directions or instructions to him, or any other relief except the usual injunction in aid of the receivership.

On the day the bill of complaint in the second suit was filed, attorneys for the plaintiffs filed motions for the appointment of receivers. Two days later, on August 30, 1933, upon telephone notice to the petitioners of an hour and a half, the district judge heard the motions and appointed receivers. The Secretary failed to surrender the mortgage pools to the receivers and the district court issued, on September 2, 1933, a rule to show cause why the Secretary should not be adjudged in contempt. On September 4th, the Court of Common Pleas of Chester County, upon application by a mortgage pool certificate holder, issued an injunction restraining the Secretary from relinquishing possession of the mortgage pool assets until further order of the court. On September 5th, the petitioner filed answers to the petitions to punish for contempt, and made motions, on affidavits and petitions, to dismiss the bills and to vacate the appointment of the receivers. Both motions assailed the bills as not stating facts to show that damage would be suffered by any party in interest if receivers were not appointed. The motions to dismiss also challenged the " authority " of the district court to appoint receivers. In the petitions to vacate the orders appointing receivers, it was alleged that since the closing of the trust company the Secretary had continued to operate the mortgage pools and was ready to file with the Court of Common Pleas his account of assets compris-

ing the pools, that his management of them was in accordance with the Pennsylvania statutes, and that he had conducted the mortgage pools " with the utmost regard for the interests of the participants." No action appears to have been taken upon the motion to adjudge the petitioners in contempt, but in denying, upon the pleadings and motion papers, the motions to dismiss and to vacate the orders appointing receivers, the district court ruled that it had jurisdiction of the cause as a federal court, and found that nothing had been done by the Banking Department " to provide the means for an active, intelligent, responsible administration of its pools."

The Court of Appeals ruled that the district court had jurisdiction, since the Secretary, in taking possession of the mortgage pools, had acted by authority of the statute and not under any order or decree of the state court. The assets, it was said, were not in the actual or constructive possession of the state court, and consequently there was no occasion to apply the rule of comity under which a federal court will relinquish its jurisdiction in favor of a state court which has first acquired possession of the property which is the subject of suit. See *Penn Casualty Co.* v. *Pennsylvania, supra.* Upon the basis of the finding of the district court that the Banking Department had failed to provide suitable means for the administration of the pools, it concluded that no abuse of discretion in the appointment of receivers had been shown.

From what this Court has recently said in *Pennsylvania* v. *Williams, supra,* it is evident that the district court correctly determined that it had jurisdiction of the cause. The requisite diversity of citizenship and the jurisdictional amount in controversy are shown by the record and are unchallenged. The relief prayed was that which a court of equity is competent to give. The bills of complaint were therefore sufficient to invoke the power and authority conferred on the district court, by the Consti-

tution and statutes of the United States, to entertain the suit and render an appropriate decree.

Since the court had power to act, it is necessary to consider the various objections urged to the decree only insofar as they are addressed to the propriety of its action as a court of equity. These objections were not foreclosed by the determination that the court had jurisdiction. By the Judiciary Act of 1789, c. 20, § 11, 1 Stat. 73, 78; U. S. C., Tit. 28, § 41 (1), the lower federal courts were given original jurisdiction "of suits . . . in equity," where the other jurisdictional requisites are satisfied. From the beginning, the phrase "suits in equity" has been understood to refer to suits in which relief is sought according to the principles applied by the English court of chancery before 1789, as they have been developed in the federal courts.[1] *Robinson* v. *Campbell*, 3 Wheat. 212, 221–223; *United States* v. *Howland*, 4 Wheat. 108, 115; *Waterman* v. *Canal-Louisiana Bank & Trust Co.*, 215 U. S. 33, 43. When the petitioners challenged the sufficiency of the bills of complaint and the appropriateness of the appointment of receivers, it was not enough for the district court to decide that as a federal court it had power to act. It should also have determined whether, in accordance with the accepted principles of equity, any state of facts was presented to it which called for the exercise of its extraordinary powers as a court of equity. See *Pennsylvania* v. *Williams, supra.*

The sole relief prayed by the bills was the appointment of receivers and the command of the court that property, shown to be in the lawful possession of the pe-

---

[1] The Act of May 8, 1792, c. 36, § 2, 1 Stat. 275, 276; U. S. C., Tit. 28, § 723, further provided "That . . . the forms and modes of proceeding in suits . . . shall be . . . in those of equity . . . according to the principles, rules and usages which belong to courts of equity . . . as contradistinguished from courts of common law. . . ." See *Robinson* v. *Campbell*, 3 Wheat. 212, 221, 222.

titioner acting as a temporary trustee or fiduciary, be surrendered to them. A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity. It is not an end in itself. Where a final decree involving the disposition of property is appropriately asked, the court in its discretion may appoint a receiver to preserve and protect the property pending its final disposition. For that purpose, the court may appoint a receiver of mortgaged property to protect and conserve it pending foreclosure, *Wallace* v. *Loomis,* 97 U. S. 146, 162; *Union Trust Co.* v. *Illinois Midland Ry. Co.,* 117 U. S. 434, 455; *Hitz* v. *Jenks,* 123 U. S. 297, 306; *Freedman's Saving & Trust Co.* v. *Shepherd,* 127 U. S. 494, 500–504; *Shepherd* v. *Pepper,* 133 U. S. 626, 652, of trust property pending the appointment of a new trustee, *Underground Electric Rys. Co.* v. *Owsley,* 176 Fed. 26 (C. C. A. 2d); *Ball* v. *Tompkins,* 41 Fed. 486, 489 (C. C.); cf. *Haines* v. *Carpenter,* 1 Woods 262, aff'd 91 U. S. 254, or of property which a judgment creditor seeks to have applied to the satisfaction of his judgment, *Covington Drawbridge Co.* v. *Shepherd,* 21 How. 112, 125; *Ogilvie* v. *Knox Insurance Co.,* 22 How. 380, 392; *Ingle* v. *Jones,* 9 Wall. 486, 498.

But there is no occasion for a court of equity to appoint a receiver of property of which it is asked to make no further disposition. The English chancery court from the beginning declined to exercise its jurisdiction for that purpose. *Anonymous,* 1 Atkyns 489, 578; *Ex parte Whitfield,* 2 Atkyns 315; *Goodman* v. *Whitcomb,* 1 Jacob & Walker 589, 592; *Robinson* v. *Hadley,* 11 Beavan 614; *Roberts* v. *Eberhardt,* Kay 148, 160, 161.[2] It is true that

---

[2] The jurisdiction of the English court of chancery to appoint a receiver for the estates of infants, even though no other relief be asked, is a statutory development since 1789. 4 and 5 Wm. IV, c. 78, § 7. The appointment of a receiver for the estate of a lunatic is a non-judicial duty performed for the Crown pursuant to statute. 17

the receivership of an insolvent corporation, upon the application of a simple contract creditor with the consent of the corporation, has been recognized by the federal courts as an appropriate form of relief when the end sought is the liquidation of the assets and their equitable distribution among the creditors. *Brown* v. *Lake Superior Iron Co.*, 134 U. S. 530; *Re Metropolitan Railway Receivership*, 208 U. S. 90, 109, 110; *Pusey & Jones Co.* v. *Hanssen*, 261 U. S. 491, 500, 501; *United States* v. *Butterworth-Judson Corp.*, 269 U. S. 504, 513, 514; compare *Harkin* v. *Brundage*, 276 U. S. 36, 52; *Michigan* v. *Michigan Trust Co.*, 286 U. S. 334, 345; *Shapiro* v. *Wilgus*, 287 U. S. 348, 356; *National Surety Co.* v. *Coriell*, 289 U. S. 426, 436; *First National Bank* v. *Flershem*, 290 U. S. 504, 525. Whether this exercise of jurisdiction, to liquidate or conserve the assets of a corporation through the agency of a receivership, is to be supported as an extension of that exercised over decedents' estates, see Glenn on Liquidation, §§ 154–161, or of remedies afforded to judgment creditors where legal remedies are inadequate, see *Manhattan Rubber Mfg. Co.* v. *Lucey Mfg. Co.*, 5 F. (2d) 39, 42 (C. C. A. 2nd),[3] it has never been extended to other classes of cases. Whenever the attempt thus to extend it, by using the receivership as an end instead of a means, has been brought to the attention of this Court, it has pointed out that a federal court of equity will not appoint a receiver where the appointment is not ancillary to some form of final relief which is appropriate for equity to give. *Pusey & Jones Co.* v. *Hanssen, supra*, 497; *Booth* v. *Clark*,

---

Edw. II, c. 9, 10; see *Sheldon* v. *Fortesque*, 3 Peere Williams 104, n. 108. Further provisions for appointment of receivers by interlocutory decree, whenever "just or convenient," were included in the Judicature Act, 1873, 36 & 37 Victoria, c. 66, § 25 (8).

[3] See also the authorities collected and discussed in Kroeger, The Jurisdiction of Courts of Equity to Administer Insolvents' Estates, 9 St. Louis Law Rev., 87, 179.

17 How. 322, 331; see *Lion Bonding & Surety Co.* v. *Karatz,* 262 U. S. 77; *Hollins* v. *Brierfield Coal & Iron Co.,* 150 U. S. 371.

Respondents' bills of complaint not only failed to seek any remedy other than the appointment of receivers, but they failed to disclose any basis for equitable relief by the appointment of receivers or otherwise. Respondents are not shown to be creditors, much less judgment creditors. As beneficiaries of the fiduciary relationship of the trust company, and later of the Secretary, to the mortgage pools, they failed to allege misconduct or neglect on which any equitable relief could be predicated. They did not show that there was any danger to the assets of the mortgage pools, or to their management, which would be avoided or removed by the appointment of receivers. Petitioner did not waive these defects of the bills, or consent to the appointment of receivers.

We have recently had occasion to point out that a federal court, even in the exercise of an equity jurisdiction not otherwise inappropriate, should not appoint a receiver to displace the possession of a state officer lawfully administering property for the benefit of interested parties, except where it appears that the procedure afforded by state law is inadequate or that it will not be diligently and honestly followed. *Gordon* v. *Ominsky, supra; Pennsylvania* v. *Williams, supra.* Even when the bill of complaint states a cause of action in equity, the summary remedy by receivership, with the attendant burdensome expense, should be resorted to only on a plain showing of some threatened loss or injury to the property, which the receivership would avoid. Here no such showing was made. It is true the district court found that nothing had been done by the Banking Department to provide the means for an active, intelligent and responsible administration of the mortgage pools. The Court of Appeals, on the basis of this finding, thought there had been no

abuse of discretion. But that finding is without support in the record.

The court below erred in not directing dismissal of the bills of complaint as failing to state a cause of action in equity. The appointment of receivers, in the circumstances, was an abuse of discretion which should have been promptly set aside on the applications of the petitioner. The decrees below will be reversed and the cause remanded with directions to the district court to dismiss the bills and discharge the receivers.

*Reversed.*