### KETCHUM et al. v. MacDONALD.*
### No. 5942.

Circuit Court of Appeals, Third Circuit.
Aug. 6, 1936.

Wm. S. Doty, Doty & Thornton, and Thomas A. Thornton, all of Pittsburgh, Pa., for appellants.

E. Lowry Humes, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court dismissing exceptions to the report of the special master and thereby denying to the appellants the relief sought in their petition.

In 1928 the petitioners, appellants, instituted proceedings against the Conneaut Lake Company in the common pleas court of Allegheny county, Pa., for services performed by them for the company. On April 15, 1933, they obtained a judgment for $6,-388.35.

While the above suit was going on, Ralph Hirsch, a simple contract creditor of the Lake Company, on September 27, 1929, filed a bill of complaint in the District Court for the appointment of a receiver for the assets of the Lake Company. The bill of complaint alleged that the Lake Company was unable to meet the claims of creditors and prayed that a receiver be appointed because "the property and assets of said defendant are of such a nature * * * that the security and protection of creditors requires that the same be kept intact and * * * maintained as an operating whole," and in order that " * * * loss to the creditors and stockholders * * * may be prevented and that the rights of all parties may be fairly and equitably conserved and protected * * *." The Lake Company consented to the appointment, and the appellee R. J. MacDonald was appointed receiver.

The assets of the Lake Company were alleged, in the bill of complaint, to consist of real property valued at $1,000,000; cash amounting to $10,000; and accounts receivable amounting to $5,000. The Lake Company also had personal property valued at $117,243.82, though this value was not mentioned in the bill of complaint. The liabilities were alleged to be $553,675.87, of which $432,440 was secured by mortgages.

On May 10, 1933, the appellants presented a petition to the District Court in which they prayed that the appointment of the receiver be declared void for want of jurisdiction and that the receiver be directed to make payment to the petitioners of the amount of the judgment and costs, or that, in default of payment, that they be allowed to issue execution on their judgment without regard to the receivership.

They alleged in their petition that the bill of complaint neither set forth the amount nor the nature of the claim of Hirsch against the Lake Company; that the bill of complaint asked for no other or further relief than the appointment of a receiver; that the receivership proceedings were collusive because the attorney representing the complainant was a partner of the attorney representing the Lake Company; that the purpose of the receivership was merely to delay, hinder, and defraud creditors, and to enable the receiver to continue a hazardous and speculative venture; and that the petitioners were fraudulently delayed in their action in the state court by belated amendments, breaches of agreement, and improper contentions.

On May 19, 1933, Hirsch filed a petition for leave to amend the bill of complaint in order to allege that he was a creditor on a judgment note to the extent of $9,426.-16. The amendment was allowed, then revoked, and later, on December 9, 1933, reinstated.

The receivership proceeded, and in due course the assets of the Lake Company were sold. The District Court confirmed the sale on December 1, 1933. The amount realized from the sale of property valued at approximately $1,000,000 was only $35,000, but the petitioners did not take exception to the final confirmation of the sale.

The receiver filed his account and exceptions were noted thereto. Shortly thereafter, July 11, 1934, the court appointed a special master to pass upon the exceptions and to distribute the balance of the funds that came, or might come, into the hands of the receiver. The special master filed his report on December 28, 1934, in which, among other things, he reported that there was no evidence of fraud or collusion; that the financial condition of the Lake Company necessitated the appointment of a receiver; and that there was no basis either in law or in fact to support the allegations

of the petitioners. Exceptions were filed to the special master's report which Judge Gibson dismissed on March 7, 1935, and from the order of dismissal this appeal was taken.

Several of the questions presented in this appeal were considered and disposed of by us in People's-Pittsburgh Trust Company v. Hirsch, 65 F.(2d) 972. In that case the Trust Company as mortgagee of the greater portion of the real estate owned by the Lake Company sought to foreclose. The District Court refused the petition and allowed the receiver the right to sell the property free and clear of all liens. In the appeal by the Trust Company, the appellants, Ketchum and Kiefer, as amici curiæ, filed a brief attacking the jurisdiction of the District Court and presenting practically the same questions which they raise here. In our opinion, on page 975 of 65 F.(2d), we held that neither the lack of specific allegations in the bill of complaint, as to the nature of the indebtedness of the Lake Company to Hirsch, nor the fact that Hirsch was not a judgment creditor under the circumstances of that case, was fatal to the jurisdiction of the District Court. A further discussion of these questions which we considered there is unnecessary.

■ In attacking the jurisdiction of the District Court, the appellants contend that the Lake Company was not insolvent. It is true that the figures stated in the bill of complaint indicate that the company had assets in excess of liabilities. This, however, is not the only definition of insolvency. The allegation in a bill that a defendant is unable to pay its current obligations constitutes insolvency in the equitable sense, and is sufficient for the appointment of a receiver. American Can Company v. Erie Preserving Company (C.C.) 171 F. 540; Cunningham v. Norton, 125 U.S. 77, 90, 8 S.Ct. 804, 31 L.Ed. 624. The bill of complaint alleged that the Lake Company was unable to meet its current obligations. Moreover, in People's-Pittsburgh Trust Company v. Hirsch, supra, we found as a fact that the Lake Company was hopelessly insolvent. The fact that from the sale of assets valued at more than $1,000,000, only $35,000 was realized, establishes the correctness of that finding. There is nothing extraordinarily unusual about this result, for the past several years of economic depression have provided countless examples showing the shocking difference between the appraised value of property and the value recoverable in a quick or forced sale. It is evident that if this receivership had not taken place, bankruptcy would quickly have ensued.

■ The appellants also contend that the bill of complaint sought no further relief than the appointment of a receiver. If this were true, under Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128, and Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282, their contention would be a just criticism; but the evident purpose of the appointment of the receiver was to protect and conserve the assets of the corporation and this justified the appointment of the receiver in this case. In Michigan v. Michigan Trust Company, 286 U.S. 334, 52 S.Ct. 512, 515, 76 L.Ed. 1136, the Supreme Court said that receiverships for the conservation of assets "have at times a legitimate function, but they are to be watched with jealous eyes."

■ The appellants further charge that the suit was collusively brought with the purpose of delaying and hindering creditors of the defendant corporation, but the special master specifically found, as above stated, that there was no collusion or fraud in the case, and we think that the evidence supports his finding.

We do not find anything justifying a reversal, and therefore the decree of the District Court is affirmed.