**GENERAL BAKING CO. v. HARR** (Successor to GORDON) **Secretary of Banking of Pennsylvania, et al.**

No. 5303.

Circuit Court of Appeals, Third Circuit.

Sept. 11, 1936.

As Corrected Oct. 16, 1936.

Wm. J. Conlen, George E. Beechwood, and Conlen, La Brum & Beechwood, all of Philadelphia, Pa., for appellant.

Claude B. Wagoner, G. A. Troutman, C. S. Wesley, and Bernard J. Kelley, all of Philadelphia, Pa., Shippen Lewis, Sp. Deputy Atty. Gen., and William A. Schnader, Atty. Gen., for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and FAKE, District Judge.

DAVIS, Circuit Judge.

This case is here on reargument.

On October 5, 1931, William D. Gordon, secretary of banking of the commonwealth of Pennsylvania, closed and took possession of the Franklin Trust Company of Philadelphia. Thereafter, pursuant to the applicable statute of Pennsylvania (7 P.S.Pa. § 22), he filed a certificate of taking possession of the property and business of the Franklin Trust Company in his office at Harrisburg, Pa., and a certified copy thereof in the office of the prothonotary of Philadelphia, by whom it was referred or "assigned" to the court of common pleas No. 5 of Philadelphia county.

The General Baking Company, a citizen of the state of New York, on April 25, 1932, filed a bill against William D. Gordon and John J. Sullivan, special deputy of banking of Pennsylvania in charge, praying that $81,993.43 belonging to it, being part of the assets of the trust company, and taken in possession by Gordon, be declared a trust fund, and that Gordon be directed to pay it over to the baking company as a prior claim. Gordon filed an answer denying that the money constituted a trust fund or that the baking company was entitled to priority. In his answer he raised the question of jurisdiction of the District Court. He averred that it did not have

jurisdiction to pass upon and adjudicate whatever rights the baking company might have in the premises. In support of this contention, when before this court, counsel for Gordon said:

"The District Court did not have jurisdiction of the Cause of Action.

"The defendants contended in the court below, in their answer and in the argument, that the District Court for the Eastern District of Pennsylvania had no jurisdiction over the controversy. The Secretary of Banking took possession of the Franklin Trust Company by virtue of the Department of Banking Act of the Commonwealth of Pennsylvania of 1923 (June 15, 1923, P.L. 809, 7 P.S.[Pa. §] 1 [et seq.]). He is the Receiver of the Franklin Trust Company. The assets in controversy were commercial assets belonging to the closed bank. The Bill in Equity was filed after the Secretary of Banking had taken possession of the Franklin Trust Company and had qualified as such, in accordance with the law."

The learned District Judge disposed of the question as follows: "As to the jurisdictional question raised, I am satisfied that this court has jurisdiction. The secretary of banking is an administrative officer. His office exists by statute. He is appointed by the Governor and not by the court. He is not an equity receiver, and the mere fact that the statute provides that he shall have the rights, powers, and duties of an equity receiver does not make him one, nor does the fact that the common pleas courts of the state are given jurisdiction to make certain orders and decrees relating to the conduct of the liquidation and rights in the fund [does not] mean that the fund is in the custody of the court. That depends entirely upon the nature of the office of the liquidating officer and the power from which he derives his authority." 9 F.Supp. 210, 213.

When the case came before us on the first argument, we said: "They (defendants) contend, since the Secretary of Banking had assumed control of the Trust Company and had become a statutory receiver, the State court thereby first acquired jurisdiction over the Trust Company. The District Court held that regardless of what the Secretary might be called, he was not an equity receiver and that the State court did not acquire prior jurisdiction because of the taking over of the Trust Company

by the Secretary of Banking. The District Court accordingly held that it first acquired jurisdiction and continues to hold it."

Neither the trial court, nor we, when the case was here before, had the benefit of the opinion of the Supreme Court in the case of Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 586, 79 L.Ed. 1282 (decided April 1, 1935). In that case the court said that, when the certificate of possession had been filed in Harrisburg in the office of the secretary of banking and a certified copy thereof with the prothonotary of the court of common pleas of Chester county, the secretary of banking had "the status of a receiver appointed by any court of equity of the commonwealth." After stating that a receiver was appointed only as a means to an end, to some proper equitable relief, the court said: "We have recently had occasion to point out that a federal court, even in the exercise of an equity jurisdiction not otherwise inappropriate, should not appoint a receiver to displace the possession of a state officer lawfully administering property for the benefit of interested parties, except where it appears that the procedure afforded by state law is inadequate or that it will not be diligently and honestly followed."

It further said: "The appointment of receivers, in the circumstances, [because the bill did not pray for some equitable relief beyond the appointment of receivers and because the appointment of receivers displaced the possession of a state officer lawfully administering property for the benefit of interested parties] was an abuse of discretion which should have been promptly set aside on the applications of the petitioner. The decrees below will be reversed, and the cause remanded, with directions to the District Court to dismiss the bills and discharge the receivers."

The procedure afforded by the state law is admittedly adequate and will be diligently and honestly followed. There has never been any question about the fact of possession by Gordon of the assets, including the money here in controversy, of the trust company. The question before the District Court and this court was the status of Gordon and the character of his possession. We held in the case of Gordon v. Washington, supra, that he was not an equity receiver, notwithstanding the fact that the statute invested him with the rights, powers, and duties of such. But in the cases of Pennsylvania v. Williams,

294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848; Penn General Cas. Company v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Gordon v. Washington, supra, the Supreme Court held that, when a state has adequately provided for the liquidation of a quasi public corporation, such as we have in the case before us, by a department of the state government, the federal court should exercise a wise discretion and surrender jurisdiction to the state court, even though jurisdiction was first assumed by the federal court, and to take, or attempt to take, possession of the assets of an insolvent building and loan association or insurance company from the officials, provided by the state for their liquidation, in the absence of allegations that the procedure afforded by the state law is inadequate or that it will not be diligently and honestly followed, would be an abuse of discretion.

While in the case at bar it is not proposed to take the res out of the possession of the secretary of banking, the suit does, however, take the adjudication of the issue involved from the state court and interfere with an admittedly proper and adequate procedure provided by the commonwealth for the liquidation of the trust company under the supervision of common pleas court No. 5 of Philadelphia. After the secretary had closed the trust company, taken possession of all its assets, filed the two certificates required by law, and the prothonotary had assigned the cause to common pleas court No. 5, under whose supervision the trust company was to be liquidated, the logic of all the cases cited above forbade the District Court to assume jurisdiction, but, having done so, it should have dismissed the bill when the facts were brought to its attention. When the case was first argued before us, we erred in not directing the dismissal of the bill.

The decree of the District Court is reversed and the cause remanded, with directions to dismiss the bill.

### Memorandum Correcting Opinion Filed September 11, 1936.

In our second opinion filed in this cause we said that, "when the case was first argued before us, we erred in not directing the dismissal of the bill"; but as a matter of fact the District Court did dismiss the bill after considering the question raised on the merits, and our order reversing the

decree and direction to dismiss the bill was an oversight. The court should have dismissed the bill without adjudicating the questions raised by the pleadings, and we should have affirmed the decree dismissing the bill with directions to refer the cause to the state court for due procedure there without regard to what was done in the United States District Court.

The decree dismissing the bill is affirmed, with directions to refer the cause to the state court.