## TOUCHETT v. AMERICAN TELEPHONE & TELEGRAPH CO.

Civil Action No. 4374.

District Court, E. D. Wisconsin.

May 6, 1947.

A. D. Sutherland, of Fond du Lac, Wis., and Walter D. Corrigan, Sr., of Milwaukee, Wis., for plaintiff.

No appearance for defendant.

DUFFY, District Judge.

A most unusual complaint has been filed in this action. Plaintiff, suing for himself and all other persons similarly situated, alleges that defendant owns and controls a series of public utility corporations located in various parts of the United States; that defendant and said corporations have undertaken to give telephone service to the plaintiff and other people of the United States; and that said service is essential to the health, life and welfare of the people and of the plaintiff. It further alleges that defendant and the corporations it owns and controls have for more than twenty days failed to give service and that plaintiff believes such failure will continue for an indefinite period, causing serious injury to the health, welfare, life and economic welfare of the people and of the plaintiff. The prayer of the complaint asks for the following relief: (1) Appointment of a temporary receiver; (2) an order to show cause why said receivership should not be made permanent; and (3) such further orders as may be necessary in the above premises.

Counsel for the plaintiff has appeared before me twice urging that a temporary receiver be appointed without notice. While such proposed action should have been brought to my attention in the form of a separate written motion, I have chosen to

overlook that formality, and to pass upon the merits of the application.

Plaintiff's counsel has submitted a brief stating in effect that if notice is given of the application for a temporary receiver, the benefits sought by plaintiff cannot be obtained. Plaintiff's counsel argues that if the court will appoint a temporary receiver, and thus assume jurisdiction, then the ordinary relationship of employer and employee will no longer exist within the meaning of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., and that this court could then proceed in a manner similar to the recent proceedings in the U. S. District Court for the District of Columbia against John L. Lewis. Plaintiff's counsel suggests that this court can determine fair conditions for employment, if necessary by the appointment of a board or committee of three men, which would report its conclusions to the court. Apparently it is contemplated that the court is to issue directives to both the defendant company, and to the various unions which are now upon strike. It is stated in plaintiff's brief that under such conditions the court can direct the company to pay a certain amount, and that it can then direct the unions to order their men to perform, or the court can direct the men to perform, and later determine the amount to be paid.

The complaint does not ask for any judgment. The ultimate end of this litigation, according to the prayer of the complaint, is the appointment of, first, a temporary receiver, and then a permanent receiver, and for such further orders as may be necessary. Apparently upon the petition of such receiver, the court will be expected to issue orders or directives which will end the telephone strike.

 It is fundamental that a receivership cannot be the primary object of litigation. It is not an end in itself. Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282. The jurisdiction of a court of equity to appoint a receiver for a corporation can be invoked only as an exercise of power ancillary to the principal relief sought. Kelleam v. Maryland Casualty Co., 312 U.S. 377, 381, 61 S.Ct. 595, 85 L.Ed. 899; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763.

But even if, under the circumstances here present, this court did have power to appoint a temporary receiver, I feel that such a drastic step should not be undertaken without notice to the defendant. Every party to litigation should have his day in court. A temporary injunction commanding the resumption of telephone service should not issue under the showing made thus far by the plaintiff, nor can the same results be obtained by the appointment of a temporary receiver. Plaintiff's counsel cites only one case in its brief, to wit, Craig v. Central West Public Service Co., D. C., 5 F.Supp. 884, but counsel failed to point out that this case was reversed upon appeal (Central West Public Service Co. v. Craig, 8 Cir., 70 F.2d 427), and the appellate court held that the appointment of a receiver without notice was an abuse of the court's discretion.

The motion for a temporary receiver will be denied, without prejudice to the plaintiff to bring the matter before the court again by formal motion after due notice to the defendant.