PIERCE ET AL., APPELLEES, *v.* VANGUNTEN, APPELLANT.

(No. 4377—Decided June 6, 1949.)

*Messrs. Spengler, Nathanson, Hebenstreit & Heyman* and *Mr. Benjamin Durfee, Jr.,* for appellees.
*Mr. A. E. J. Doman,* for appellant.

CARPENTER, J. This appeal on questions of law is from an order appointing a receiver *pendente lite* to collect rents of property of which the plaintiffs are the owners and lessors and the defendant, the lessee. That was a "final order" and may be reviewed. *Forest City Investment Co.* v. *Haas,* 110 Ohio St., 188, 143 N. E., 549.

As appears from plaintiffs' petition, the basis of plaintiffs' action is that the defendant sublet a part of the leased premises without the written consent of the plaintiffs in violation of a covenant in the lease that the lessee "will not * * * sublet the premises * * * or any part of the same without the written consent of the lessors."

Another provision of the lease empowered the lessors; if the lessee "fails to keep and perform * * * any of the covenants * * * of the lease * * *, to enter said premises and again have, repossess and enjoy the same * * * and thereupon this lease * * * shall cease, terminate and be void without prejudice, however, to the right of the lessor to recover from the said lessee all rent due up to the time of such entry."

The petition alleged further that the defendant sublet the premises without the plaintiffs' consent; that, by reason thereof, they notified the defendant that they had cancelled the lease as of January 1, 1949, and requested immediate possession of the premises; and that defendant keeps them out of possession, and has collected rents from the sublessee.

The prayer was "for judgment for the possession of said property, for cancellation of said lease as of January 1, 1949; for judgment for the reasonable value of the use of the property from January 1, 1949, to the date of possession; and for the appointment of a receiver to collect any and all rents from all occupants, including sublessees, for the benefit of the plaintiffs * * *."

With the petition, plaintiffs filed a motion for the appointment of a receiver "to collect and preserve the rents and profits of the premises * * *."

With the consent of defendant, hearing on this motion was had March 11, 1949, before process had been served upon her or she had answered. That hearing consisted solely of a colloquy between court and counsel for the parties, in the course of which it was admitted that defendant had sublet most of the leased premises and was receiving $400 a month rent from the subtenants, and that *written* consent to the sublease had not been given by the plaintiffs. However,

defendant contended that they had orally consented to the subletting, thereby modifying the terms of the lease in that respect. It was admitted by plaintiffs that the rent required to be paid under the lease had been paid by the lessee to March 1 and had been tendered for March.

The defendant contends that on this record the appointment of the receiver was error prejudicial to her.

The only statutory authority to support the court's action must be found in Section 11894 (6), General Code, which provides that courts may appoint a receiver ''in causes pending * * *. In all other cases in which receivers heretofore have been appointed by the usages of equity.''

Conceding that the defendant had breached the lease, did the facts pleaded in the petition and those disclosed in the informal hearing justify the appointment of the receiver?

The test of such a *pendente lite* appointment was well expressed by the Chief Justice in *Gordon, Secy. of Banking,* v. *Washington,* 295 U. S., 30, 39, 79 L. Ed., 1282, 55 S. Ct., 584, as follows:

''Even when the bill of complaint states a cause of action in equity, the summary remedy by receivership, with the attendant burdensome expense, should be resorted to only on a plain showing of some threatened loss or injury to the property, which the receivership would avoid.''

To the same effect are Clark on Receivers (2 Ed.), 185, Section 149; *Gray, Atty. Genl.,* v. *Council of Newark,* 9 Del. Ch., 171, 79 A., 739; and 34 Ohio Jurisprudence, 954, 955, Sections 13 and 14.

The prayer of the petition asked for (a) judgment for possession of the property, (b) cancellation of the lease as of January 1, 1949, (c) judgment for the rea-

sonable value of the use of the property from January 1, 1949, to possession, and (d) a receiver to collect all rents from all occupants, including sublessees.

The receiver could not aid the (a) or (b) items. As to them, it is not contended that the final judgment will not be self-executing. The rent under the lease was paid or tendered, and it does not appear that there was any danger of default in its payment. The plaintiffs asked only a receivership *pendente lite* to collect the rent payable by the subtenants to the defendant. Under the facts pleaded in the petition, the plaintiffs were not entitled to that rent, and their prayer did not ask it. The prayer was for "judgment for the reasonable value of the use of the property from January 1, 1949, to the date of possession," in other words, for a simple money judgment against the defendant.

There is no claim that the defendant is insolvent or for any other reason that she cannot or will not pay any judgment which may be entered.

Under this state of the record, there was no occasion for the appointment of the receiver and the order doing so is reversed and the receiver discharged.

*Judgment reversed.*

CONN and FESS, JJ., concur.