**KINNEBREW et al. v. LOUISIANA ICE CO., Inc.**

**Civ. A. No. 2618.**

United States District Court
W. D. Louisiana, Shreveport Division.

April 27, 1950.

Chandler & Edwards (Robert G. Chandler), Shreveport, La., for plaintiffs.

Plauche & Plauche, Lake Charles, La., for defendant.

DAWKINS, Chief Judge.

Plaintiffs, alleging themselves to be stockholders in the defendant corporation to the extent of twenty shares owned by Flora Belle Pattee and sixteen shares by Mrs. Marie, Kinnebrew, charge that from December 21, 1944, to some date in 1948 "unknown" the affairs of the defendant were managed by its board of directors, but about the end of that period one of said board, S. R. Morgan, Sr., resigned and thereafter the management was by the three remaining directors, S. R. Morgan, Jr., Charles E. Elkins and W. E. Morgan. It is further alleged that said directors have been and are jeopardizing complainants' rights by grossly mismanaging the business of the corporation, wasting and misusing and misapplying the property and funds thereof, as follows:

"A. By executing a mortgage affecting all the corporate assets securing a note for Ninety Thousand ($90,000.00) Dollars due one year after April 1, 1945, at a time when said directors well knew that there was no possibility whatever of paying said note at its maturity.

"B. By failing to deposit corporate funds in a bank account or accounts in the corporate name.

"C. By using employees indiscriminately between the defendant and other corporations solely owned by the directors or the family thereof.

"D. By conveying all of the defendants product to the Consumer's Ice Company (a company solely owned by director S. R. Morgan, Jr., and his family), receiving therefor merely book entries on the records of the purchasing company.

"E. By failing to keep adequate and complete records as required by the laws of the State of Louisiana and the United States of America.

"F. By failing to render its movable property for tax purposes as required by the Laws of the State of Louisiana.

"G. In failing to produce ice during the period from November 1944 to the present date commensurate with the potential capacity of defendant's plant and the demand for ice on the open market, or alternatively, in failing to account to the stockholders for the amount of ice actually produced.

"H. In failing to account for sums received by the corporation as rent from

810

property rented to tenants by the defendant corporation.

"9.

"Complainants show that Mrs. Maude Morgan is the holder of the mortgage note for Ninety Thousand ($90,000.00) Dollars hereinabove referred to and that S. R. Morgan is her husband, and in reality operates the defendant corporation.

"10.

"Complainants further show that S. R. Morgan, Jr., and W. E. Morgan are children of S. R. Morgan and Mrs. Maude Morgan.

"11.

"That the Consumer's Ice Company, Incorporated, is a corporation entirely owned and operated by S. R. Morgan, Mrs. Maude Morgan, their two sons aforesaid, and Charles E. Elkins.

"12.

"Complainants show that they have been informed, believe and therefore allege that S. R. Morgan, his wife, his sons, and associates have been operating the defendant corporation as though it were their individual property, and have consistently conducted its affairs in conjunction with other ice manufacturing establishments owned by the Morgan family to the loss and detriment of the stockholders of the defendant corporation.

"13.

"That S. R. Morgan and his wife and sons operate numerous ice plants situated throughout the states of Louisiana, Texas, and Mississippi, and other states, and that the affairs of the defendant corporation have been handled indiscriminately with various other ice companies solely owned and operated by the Morgan family, to the detriment of the defendant corporation.

"14.

"Complainants show that by reason of the gross mismanagement of the corporate affairs by the Board of Directors of the defendant corporation, it is necessary that a receiver be appointed for the corporation to conserve its assets and administer its affairs."

The prayer of the complaint is as follows:

"Wherefore, premises considered, complainants pray that a summons herein be issued and served, directed to the Louisiana Ice Company, Incorporated, through Charles E. Elkins, its Secretary-Treasurer.

"Complainants further pray that after due proceedings had, there be a judgment in their favor and against the said corporation appointing a receiver to operate the corporation under orders of this Court.

"Complainants further pray for costs and for general and equitable relief."

Plaintiffs subsequently filed an amended bill alleging and elaborating in detail the occasions and amounts of alleged withdrawal, misuse and misapplication of the corporate funds, but there was no change in the prayer.

Defendant has moved to dismiss the bill on the ground that it does not state facts entitling the plaintiffs to the relief sought.

It will be observed that this complaint seeks no primary relief, but simply asks that a receiver be appointed to "operate the corporation under orders of this Court" —in other words, that this court carry on the business, for how long or to what end, except to restrain the alleged misconduct of the corporate officers, does not appear.

Plaintiffs contend that the right to the receiver, based upon the allegations of mismanagement, is given by Act No. 159 of 1898 of the State Legislature, Dart's Stats. Sec. 1209, p. 527, and that this court, having jurisdiction because of diverse citizenship and the value of the property of the corporation, alleged to exceed the sum of $200,000, should proceed to grant the relief which the statute affords. It is conceded that in a similar suit by other stockholders, on substantially the same grounds, the Supreme Court of the State denied the relief asked here. Claude Kinnebrew et al. v. Louisiana Ice Company, Inc., 216 La. 472, 43 So.2d 798.

This court is governed by the federal jurisprudence interpreting and applying the principles of equity, and is not bound by either state statutes or the decisions of its courts in purely remedial or

procedural matters. It has been uniformly held that a receiver will not be appointed where no primary relief, such as the adjudication of some substantial right or interest in property, is sought, and this court is not equipped to operate an ice business. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231; Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282; Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763; Cyclopedia of Federal Procedure, 2d Ed., Volume 13, Sec. 6722, and authorities cited in footnotes.

There seems to be no reason why the complainants here might not seek whatever relief they claim under the statute in the state courts, as have the other claimants, except that it is perhaps thought that this court may take a different view of the facts of the case. They have their legal remedies against the individuals charged with committing the alleged wrongful acts. It does not appear to be necessary for this court to decide whether the decision of the State Supreme Court in the other case is res judicata, even though it might think the plea good.

The motion to dismiss will be sustained.