**GARDEN HOMES, Inc. et al. v. UNITED STATES et al.**

No. 4702.

United States Court of Appeals
First Circuit.

Dec. 16, 1952.

Angus M. MacNeil, Boston, Mass., for appellants.

Robert D. Branch, Asst. U. S. Atty., Concord, N. H. (John J. Sheehan, U. S. Atty., Concord, N. H., on the brief), for United States.

William H. Craig and Craig & Craig, Manchester, N. H., for Harry M. Bickford, receiver, appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

These are consolidated appeals from three orders entered by the United States District Court for the District of New Hampshire in the course of a proceeding brought to foreclose a mortgage covering real property situated in the City of Manchester in the District. Federal jurisdiction in the premises is conferred by Title 28 U.S.C. § 1345. One of the appeals is from an order appointing a receiver with broad general powers to manage and operate the mortgaged property pending foreclosure in addition to power to collect its rents and profits during that time. This order, although interlocutory, is appealable under Title 28 U.S.C. § 1292(2). The other two appeals are, respectively, from an order denying a motion to dismiss the complaint, and from an order directing the defendant to turn over to the receiver certain books of account, inventories, leases, agreements and so forth. There is no statute giving this court jurisdiction to entertain appeals from these latter orders. The appeals therefrom will therefore be dismissed.

Aside from its contention that there has been no *prima facie* showing of a default, which we find lacking in merit, the de-

fendant-appellant's basic contention with respect to the appealable order appointing the receiver is that the court below erred in the broad scope of the power it gave the receiver over the mortgaged property. It concedes that under the terms of the mortgage the court below in the event of a default could without notice appoint a receiver to collect the rents, issues and profits due and becoming due during the pendency of a suit to foreclose. But it says that neither under the terms of the mortgage, nor under the complaint herein, nor upon the proofs adduced in support thereof at the hearing, has the court any legal right to appoint a receiver not only to collect rents and profits but also generally to manage, operate and control the property pending foreclosure.

Although a receivership is not an end in itself, there can be no doubt that a court of equity has power to appoint a receiver when the appointment is "ancillary to some form of final relief which is appropriate for equity to give." Gordon v. Washington, 1935, 295 U.S. 30, 38, 55 S.Ct. 584, 588, 79 L.Ed. 1282. But a receiver is not appointed as ancillary relief as a matter of course. "Even when the bill of complaint states a cause of action in equity, the summary remedy by receivership, with the attendant burdensome expense, should be resorted to only on a plain showing of some threatened loss or injury to the property, which the receivership would avoid." Id. 295 U.S. at page 39, 55 S.Ct. at page 589, 79 L.Ed. 1282.

Thus it is well established that a court of equity has power to appoint a receiver to preserve and protect mortgaged property pending foreclosure. Id. 295 U.S. at page 37, 55 S.Ct. at page 588, 79 L.Ed. 1282, and cases cited. But the appointment of a receiver as incidental relief is no more a matter of course in a foreclosure suit than it is in any other situation wherein a receivership may be appropriate. In 4 Pomeroy's Equity Jurisprudence and Equitable Remedies § 1514 (§ 93) (2d ed. 1919) it is said to be the well settled rule in a strong majority of states, and federal cases are cited as in accord, that a receiver, even of rents and profits, will not generally be appointed on the application of a mortgagee in a suit to foreclose except upon a "sufficient showing" of two matters: (1) that the mortgaged property is inadequate security for the debt with interest and costs of suit, and (2) that the mortgagor or other person liable for the debt is insolvent, beyond the jurisdiction "or in such doubtful financial standing that an execution against him for any deficiency would be unavailing." And to warrant the appointment of a receiver to manage and operate mortgaged property pending foreclosure, as well as only to collect its rents and profits during that time, more than the above matters must appear. For in Kountze v. Omaha Hotel Co., 1882, 107 U.S. 378 at page 395, 2 S. Ct. 911, at page 926, 27 L.Ed. 609, the court said: "Courts of equity always have the power, where the debtor is insolvent, and the mortgaged property is an insufficient security for the debt, and there is good cause to believe that it will be wasted or deteriorated in the hands of the mortgagor, as by cutting of timber, suffering dilapidation, etc., to take charge of the property by means of a receiver, and preserve not only the *corpus*, but the rents and profits for the satisfaction of the debt." See also Grant v. Phoenix Life Ins. Co., 1887, 121 U.S. 105, 117, 7 S.Ct. 841, 30 L.Ed. 905 wherein the above language was quoted with approval and the principle it enunciates applied.

Thus it is evident that to warrant the appointment of a receiver to manage and operate, as well as only to collect rents and profits, there must be at the least a "sufficient showing" of something more than the inadequacy of the security and the doubtful financial standing of the debtor. But how much in addition to these matters must be shown to warrant the appointment of a general receiver we do not need to determine in this case, for up to this point all that has been made to appear, in addition to a clear showing of a valid mortgage and a *prima facie* indication of a default, are doubts, resting for the most part upon inferences, as to the value of the property as security and the financial sta-

bility of the debtor. Although the showing of these matters may not be "plain," we do not understand the defendant to complain of the appointment of a receiver to collect only rents and profits in view of the express provision in the mortgage permitting the appointment of such a receiver in the event of a default. However, from the meagre showing so far made, we think that even giving wide latitude to the discretionary powers of a court of equity in the premises, it must be said on the authorities cited herein that the court below acted improvidently in giving the receiver general powers of operation and management in addition to power to collect rents and profits.

The order appointing the receiver is vacated and the case is remanded for further proceedings not inconsistent with this opinion. The appeals from the other two orders are dismissed.