**DEMOCRATIC CENTRAL COMMITTEE OF the DISTRICT OF COLUMBIA, et al., Appellants,**

v.

**D. C. TRANSIT SYSTEM, INC., et al.**

**No. 23795.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 17, 1970.

Decided March 6, 1972.

---

Mr. Landon G. Dowdey, Washington, D. C., with whom Messrs. S. David Levy, and Neil J. Cohen, Washington, D. C., were on the brief, for appellants.

Mr. Harvey M. Spear, New York City, with whom Mr. Manuel J. Davis, Washington, D. C., was on the brief, for appellee, D. C. Transit System, Inc.

Messrs. Herman Sternstein and I. J. Gromfine, Washington, D. C., were on the brief for appellees, Division 689, ATU, AFL–CIO, Apperson and Bierwagen.

Before ROBINSON and MacKINNON, Circuit Judges, and DAVIS,* Judge, U. S. Court of Claims.

MacKINNON, Circuit Judge:

This appeal is taken from an order of the District Court dismissing a complaint which requested the appointment of a receiver and additional relief for failure to state a claim for which relief may be granted.

The allegations of the complaint recite generally that the action is brought on behalf of bus riders in the Washington, D.C., metropolitan area; that defendant-appellee D.C. Transit System, Inc. (Transit) operates buses in that area; and that the Washington Metropolitan Area Transit Commission (the Commission) is a regulatory agency charged with the regulation of rates and services performed by Transit. The complaint outlines briefly the circumstances relating to certain orders of the Commission as to the operation of Transit and its fare structure; decisions of this court reviewing a number of the orders; and the pendency of further proceedings before this court to review certain of the orders—all of which is alleged to result in the establishment of a court-ordered reserve of at least $1.5 million in fare overcharges, and potentially much more depending upon the outcome of the pending review proceedings. The complaint then goes on to make allegations concerning the shaky financial condition of Transit, particularly the inadequacy of its working capital position; the nature of relationships between Transit, a parent corporation, and wholly-owned subsidiary corporations of Transit; the circumstance of debts owed Transit by the parent and subsidiaries; and the ownership by Transit and its subsidiaries of a number of real estate properties once used as part of the transportation system but no longer needed or used by Transit in the furnishing of bus transportation.

Finally, it is alleged that transit will not, for various reasons, take advantage of opportunities available to it to improve its financial situation, primarily the collection of debts due from parent and subsidiary companies and the sale of non-operating real estate properties. Drawing on the background sketched by these allegations, the complaint concludes that "only by suit brought by an independent receiver can the rights of creditors, and the rights of the public to

* Sitting by designation pursuant to 28 U.S.C. § 293(a) (1970).

continuing and reliable bus service be obtained." Therefore, the prayer for relief requests:

1. That the court appoint a receiver of the defendant D.C. Transit System, Inc. with plenary powers to manage said company and to enforce all its rights against its corporate parents in the holding company family to which it belongs and to sell such properties of its non-operating subsidiaries as may be necessary to assure adequate working capital and maintenance of public service.

2. Such other and further relief as to the court may seem just and proper.

Motions to dismiss the complaint were filed by a number of the defendants, and memoranda of points and authorities were submitted in support of the motions. Among the many reasons advanced in support of dismissal, and reiterated on this appeal, was the assertion that the relief requested pursuant to the receivership would require the District Court to resolve issues and grant relief properly within the province of the Commission in the first instance, subject to review by this court or by the United States Court of Appeals for the Fourth Circuit.[1] Accordingly, the District Court was asserted to be without jurisdiction in the matter.

The Washington Metropolitan Area Transit Regulation Compact confers on the Commission general regulatory powers over transit operations within the Washington Metropolitan Area Transit District.[2] The detailed powers and duties of the Commission are set forth in Title II, and are indeed extensive.[3] They include general authority over transportation for hire by any carrier of persons between points in the Metropolitan District (Art. XII), general "power to perform any and all acts . . . necessary or appropriate to carry out the provisions of [the] act"[4]; and specific authority to bring suit in United States District Courts to enjoin acts in violation of the Compact or to enforce compliance with the act or any rule, regulation or order thereunder.[5] Most im-

---

1. Washington Metropolitan Area Transit Compact, Title II, Art. XII, § 17(a) (hereafter the Compact).

   The Compact is incorporated into Pub.L. 86-794, 74 Stat. 1031 (1960), and is set forth in full following D.C.Code § 1-1410 (1967 ed.). Amendments to the Compact appear as a part of Pub.L. 87-767, 76 Stat. 765 (1962), and are set forth following D.C.Code § 1-1410a (1967 ed.).

2. *Id.*, Title I, Arts. I, II. *See* D.C. Transit System, Inc., 48 P.U.R.3d 385, 388 (Wash. Met. Area Tran. Comm'n 1963).

3. It should be noted that the powers exercised by the Commission may, in appropriate circumstances, assume an equitable nature. *See, e. g.*, Williams v. Washington Met. Area Tran. Comm'n, 134 U.S. App.D.C. 342, 377 n. 199, 415 F.2d 922, 957 n. 199 (1968), cert. denied, 393 U.S. 1081, 89 S.Ct. 860, 21 L.Ed.2d 773 (1969).

4. The Commission shall have power to perform any and all acts, and to prescribe, issue, make, amend, and recind such orders, rules, and regulations as it may find necessary or appropriate to carry out the provisions of this Act. Such rules and regulations may prescribe the form or forms of all statements, declarations, applications, and reports to be filed with the Commission, the information which they shall contain, and the time within which they shall be filed. Unless a different date is specified therein, rules and regulations of the Commission shall be effective thirty (30) days after publication in the manner which the Commission shall prescribe. Orders of the Commission shall be effective on the date and in the manner which the Commission shall prescribe. For the purposes of its rules and regulations, the Commission may classify persons and matters within its jurisdiction and prescribe different requirements for different classes of persons or matters. All rules and regulations of the Commission shall be filed with its secretary and shall be kept open in convenient form for public inspection and examination during reasonable business hours.
   Compact, Title II, Art. XII, § 15.

5. (a) Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this Act or of any rule, regulation, or order thereunder, it may, in its discretion, bring an action in the United States District Court for

portantly, the Compact provides that "the applicability of all laws of the signatories, *relating to or affecting* transportation subject to this Act *and to persons engaged therein,* and all rules, regulations and orders promulgated or issued thereunder, shall except to the extent in this Act specified, be suspended . . . ."[6]

■■ While the statutory provisions just outlined may not explicitly negative the existence of *any* jurisdiction other than that specified in the Compact, the exercise of which would in some manner affect transit operations, the overall scheme tends to suggest that the exercise of a jurisdiction which might conflict with the jurisdiction of the Commission is to be sharply circumscribed. It is familiar learning that when Congress has provided for a coherent scheme of statutory regulation, the jurisdiction of the designated regulatory agency is to be construed, wherever possible, as exclusive of any arguably parallel jurisdiction. *See, e. g.,* Whitney National Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411, 419–421, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); United States v. Ruzicka, 329 U.S. 287, 292–295, 67 S.Ct. 207, 91 L.Ed. 290 (1946); Texas & Pacific Railway Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 442, 27 S.Ct. 350, 51 L.Ed. 553 (1907). However, the difficult question of whether under any and all circumstances, or under the circumstances of this case, the District Court is entirely without equitable jurisdiction[7] in matters relating to transit operations subject to the Compact need not be decided.

■ Assuming for the moment that, as an abstract proposition, jurisdiction exists in the District Court to grant the relief sought, the exercise of that jurisdiction is severely limited. Extraordinary equitable relief is dispensed only as a matter of judicial discretion. *See, e. g.,* Eccles v. Peoples Bank of Lakewood Village, California, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948); Brillhart v. Excess Insurance Co., 316 U.S. 491, 494–495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). That discretion is not to be exercised on the basis of "dubious presentations," Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 763, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947), particularly where the extraordinary remedy of receivership is involved, Gordon v. Washington, 295 U.S. 30, 39, 55 S.Ct. 584, 589, 79 L.Ed. 1282 (1935). The remedy of receivership "should be resorted to only on a plain showing of some threatened loss or injury . . . which the receivership would avoid." *Id.* The assumption of equitable jurisdiction where clearly unwarranted may amount to an abuse of discretion. *Cf.* Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 (1941).

■ No one can doubt that the appointment of a receiver in the instant case, especially when coupled with the further relief requested, would substan-

any district in which such person resides or carries on business or in which the violation occurred, to enjoin such acts or practices and to enforce compliance with this Act or any rule, regulation or order thereunder, and upon a proper showing a permanent or temporary injunction or decree or restraining order shall be granted without bond.

(b) Upon application of the Commission, the United States District Court for any district in which such person resides or carries on business, or in which the violation occurred, shall have jurisdiction to issue appropriate order or orders commanding any person to comply with the provisions of this Act or any rule, regu-

lation, or order of the Commission thereunder.
*Id.* § 18.

6. *Id.* § 20(a) (emphasis added).

7. *See* Whitney National Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411, 423, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); National Ben. Life Ins. Co. v. Shaw-Walker Co., 71 App.D.C. 276, 282 n. 13, 111 F.2d 497, 503 n. 13, cert. denied, 311 U.S. 673, 61 S.Ct. 35, 85 L.Ed. 432 (1940). *Cf.* Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 (1941).

tially "affect" both transportation subject to the Compact and the entity engaged in furnishing that transportation (Transit). Entertainment of the present action would be likely to result in overlapping litigation and unnecessary disruption of the effectiveness of the statutory design. Under the circumstances the exercise of jurisdiction to appoint a receiver would at best be a doubtful proposition, and the dismissal of the complaint was, at the least, an appropriate exercise of the District Court's discretion. The dismissal of the complaint is accordingly affirmed.

This disposition of the appeal makes unnecessary an examination of other arguments raised in support of the District Court's action.

Affirmed.