724 F.Supp. 661 (1989)
MIDWEST SAVINGS ASSOCIATION, a Federal Association, Plaintiff,
v.
RIVERSBEND ASSOCIATES PARTNERSHIP, a Minnesota General Partnership, Defendant.
No. Civ. 3-89-672.
United States District Court, D. Minnesota, Third Division.
November 3, 1989.
Patrick J. McLaughlin and Mary E. Senkus, Oppenheimer, Wolff and Donnelly, Minneapolis, Minn., for plaintiff.

ORDER DENYING APPOINTMENT OF FEDERAL EQUITY RECEIVER
DEVITT, District Judge.
Plaintiff seeks appointment of a Federal Equity Receiver under Federal Rule of Procedure 66 to collect rent payments and manage Minnesota real estate during mortgage foreclosure proceedings and a redemption period.
Plaintiff alleges no grounds in support of its motion. Its counsel suggests that the existence of a default in the mortgage alone mandates the appointment of a receiver. Although this may be sufficient under Minnesota law for the naming of a receiver by a state court, appointment of a Federal Equity Receiver is governed by federal law and that requires a showing of grounds for such appointment. The Congress has specifically provided that a Federal Equity Receiver, once appointed, is to manage and operate the property according *662 to the laws of the state where the property is located, 28 U.S.C. § 959(b), but the appointment is to be made by federal standards.
Federal Rule 66 provides that the practice is to be in accordance with past practices in the United States Courts, and by United States District Court Rules. Federal Courts are not bound by state law in determining whether such an equitable remedy is to be given. Mintzer v. Arthur L. Wright Co., 263 F.2d 823 (3d Cir.1959). Thus, the fact that a Minnesota statute may authorize the appointment of a receiver solely on a mortgage default is not enough. The United States Supreme Court has held that "a remedial right to proceed in federal court sitting in equity cannot be enlarged by a state statute." Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763 (1923).
The subject is discussed in 12 Wright and Miller Federal Practice and Procedure, Civil, Sections 2981, 2982 and 2983. This source counsels that the appointment of a Federal Equity Receiver is an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect a plaintiff's interest in the property. Kelleam v. Maryland Cas. Co. of Baltimore, Maryland, 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 (1941). Also see cases cited in 12 Wright and Miller, § 2983, n. 48.
Factors that courts have considered relevant to establishing the requisite need for a Federal Equity Receiver include fraudulent conduct on the part of defendant or the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered. 12 Wright and Miller § 2983, n. 49 and 50. As is true in an injunction, the appointment of a receiver is not a matter of positive right but rather lies in the discretion of the court which is to be exercised only when the existence of grounds and conditions such as stated above are shown. 12 Wright and Miller, § 2983, n. 54.
Plaintiff's complaint and motion allege no permissible grounds justifying the appointment of a Federal Receiver. In fact, when the motion was orally argued, counsel told the court that defendant was not interfering with plaintiff's rights under the mortgage and indicated that defendant's partnership spokesman was non-intrusive in connection with the foreclosure.
The United States Supreme Court has held that: "... the summary remedy by receivership, with the attendant burdensome expense should be resorted to only on a plain showing of some threatened loss or injury to the property, which the receivership would avoid." Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 589, 79 L.Ed. 1282 (1935).
This is not to say that the Resolution Trust Corporation ("RTC") as successor to the Federal Savings and Loan Insurance Corporation ("FSLIC") as Receiver of Midwest Savings Association may not itself collect rent payments and manage the real estate, or seek a real estate company or appointment of a state court receiver to do so, if the need be. But a Federal Equity Receiver permissibly may be appointed only on a showing of need according to federal standards.
The court finds that plaintiff has failed to show grounds for appointment of a Federal Equity Receiver under Rule 66 and DENIES the motion.