### FORD v. TAYLOR et al.

(Circuit Court, D. Nevada. March 30, 1905.)

No. 799.

**1. RECEIVERS—PRACTICE ON EX PARTE APPLICATION.**

When an ex parte application is made for the appointment of a receiver, the proper practice is to make an order requiring the defendant to show cause why the application should not be granted, and, if a proper showing of emergency is made, to appoint a temporary receiver until the day for hearing on the rule to show cause.

**2. SAME—EVIDENCE TO WARRANT APPOINTMENT—ANSWER UNDER OATH.**

Under the amendment to equity rule 41, an answer under oath may be used as an affidavit on a motion for the appointment of a receiver, or on a motion to discharge a receiver appointed ex parte; and where the bill does not waive answer under oath, such answer, which distinctly denies the material allegations of the bill, not only makes an issue, but proves it to the extent that to overthrow it will require the evidence of two witnesses, or of one witness and circumstances equivalent to a second.

In Equity. On motion to vacate order appointing a receiver.

Key Pittman and J. K. Chambers, for complainant.

Campbell, Metson, Jackson & Brown (James H. Budd, of counsel), for defendants.

HAWLEY, District Judge (orally). This suit was brought in the state court upon what may be designated a grubstake contract, which it is claimed in the bill of complaint constituted a copartnership between plaintiff and defendants in the location of certain designated mining claims in Goldfield Mining District, Nev. An injunction was issued and a receiver appointed. Subsequently the cause was removed to this court, and motions made to vacate said orders, especially the order appointing a receiver, upon several grounds: (1) Because the said receiver was improperly appointed; (2) that said receiver was appointed ex parte and without notice; (3) that the bill of complaint which is made the basis of said appointment fails to state facts sufficient to authorize the appointment by a court of equity; (4) that all of the equities alleged in the bill

of complaint have been fully denied. "Said motion will be made upon the records and papers on file in this suit, as well as upon the verified answer of defendants, which for the purpose of this motion will be used as an affidavit, without waiving any objections to the sufficiency of the complaint." Upon the hearing of this motion the complainant obtained leave to file an amended bill of complaint, which materially changes some of the terms of the contract as alleged in the original bill. The answer of defendants contains a specific denial of all the allegations in the original complaint, and it was agreed should, for the purposes of this hearing, be treated as an answer to the amended complaint.

In disposing of the motion to vacate the appointment of the receiver, it is only deemed necessary to refer to a few points. In Maynard v. Railey, 2 Nev. 313, 320, the court announced certain rules applicable to the appointment of receivers, viz., that while the court has the power to appoint a receiver on an ex parte application, when a proper showing is made, the appointment of a receiver ought not to be made without notice, except in cases of emergency. This court is of opinion that, when an ex parte application for the appointment of a receiver is made, the proper practice is to make an order requiring the defendant to appear and show cause why the application should not be granted, and, if a proper showing is made as to the necessity or emergency of such an appointment, to appoint a temporary receiver, until the day for hearing on the rule to show cause, in order to afford the plaintiff the protection to which he may fairly be entitled under the averments in his complaint. In Edwards on Receivers, 77, the author said:

"A motion for a receiver is generally made on the answer of the defendant; but it may be made on affidavits before answer, where the complainant can clearly satisfy the court that he has an equitable claim to the property in controversy and that a receiver is necessary to preserve the same from loss."

The appointment of a receiver is a matter within the sound discretion of the court, and each case must be determined upon its own conditions and circumstances, and in exercising this right the courts should ever keep in mind that a receiver is, like an injunction, an extraordinary remedy, and ought never to be made except in cases of necessity, and upon a clear and satisfactory showing that the emergency exists, in order to protect the interests of the plaintiff in the property involved. The power of appointing receivers is one which courts have said should be sparingly exercised, and with great caution and circumspection. Pullan v. Railroad Co., 4 Biss. 35, 47, Fed. Cas. No. 11,461; Latham v. Chafee (C. C.) 7 Fed. 526, and authorities there cited.

Without questioning the regularity of the proceedings in the state court, or the sufficiency of the complaint to authorize such action, we pass to other questions raised upon the hearing of the motion to vacate before this court. There is no controversy as to the right of the defendants to move, after answer, to vacate the order appointing the receiver. The bill of complaint was verified, and it did not waive an answer under oath. The defendants filed an answer under oath, denying all the material allegations of the

complaint. In such cases the rule is well settled that the answer, under the amendment to equity rule 41, can be used at the hearing with the probative force of an affidavit. United States v. Workingmen's Amalgamated Council (C. C.) 54 Fed. 994, 996, 26 L. R. A. 158; United States v. Parrott, 1 McAllister, 271, Fed. Cas. No. 15,998; Dravo v. Fabel, 132 U. S. 487, 489, 10 Sup. Ct. 170, 33 L. Ed. 421.

In Slessinger v. Buckingham (C. C.) 8 Saw. 469, 17 Fed. 454, it was held that, where the complainant does not waive an answer to the bill under oath, an answer under oath, which distinctly denies the material allegations of the complaint, not only makes an issue, but proves it to the extent that it will require the evidence of two witnesses, or of one witness and other circumstances equivalent to a second, to overthrow the answer. To the same effect see: Vigel v. Hopp, 104 U. S. 441, 26 L. Ed. 765; Morrison v. Durr, 122 U. S. 518, 7 Sup. Ct. 1215, 30 L. Ed. 1225; Monroe Cattle Co. v. Becker, 147 U. S. 47, 54, 13 Sup. Ct. 217, 37 L. Ed. 72; Latta v. Kilbourn, 150 U. S. 524, 541, 14 Sup. Ct. 201, 37 L. Ed. 1169; Childs v. Carlstein (C. C.) 76 Fed. 86, 91. Applying this rule to the present case, it is clear to my mind that the showing made by the plaintiff is not of such a character as to overthrow the evidence of the answer. Upon this ground alone the appointment of the receiver should be vacated.

There is another ground, equally strong, upon which the order might be made. The injunction issued by the state court, which will remain until the further order of this court, is ample to protect the plaintiff in his rights, if any he has, in the property in controversy.

The appointment of the receiver is hereby vacated.