George WICKES and S. Sheldon Judson, Jr., on behalf of themselves and all the other Members and Directors of Belgian American Educational Foundation, Inc., similarly situated, Plaintiffs,

v.

BELGIAN AMERICAN EDUCATIONAL FOUNDATION, INC., Herbert Hoover Birthplace Foundation, Inc., Allan Hoover, Sidney A. Mitchell, Lewis L. Strauss, Clare M. Torrey and William Hallam Tuck, Defendants.

64–Civ. 1050.

United States District Court
S. D. New York.
March 31, 1967.

Franken & Rubin, New York City, for plaintiffs.

Bergreen & Bergreen, New York City, for defendants Herbert Hoover Birthplace Foundation, Inc., Allan Hoover, Lewis L. Strauss and Clare M. Torrey.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Sidney A. Mitchell.

Shearman & Sterling, New York City, for defendant Belgian American Educational Foundation, Inc.

## MEMORANDUM

CROAKE, District Judge.

This is a derivative action brought by the above-named members and directors of the Belgian American Educational Foundation, Inc. (hereafter BAEF) on behalf of themselves and all other members and directors of BAEF similarly situated, and for the benefit of BAEF. The action is brought to secure legal and equitable relief, both remedial and prospective, in connection with a grant of nine hundred thousand dollars ($900,-000.00) to the defendant Herbert Hoover Birthplace Foundation, Inc. (hereafter BIRTHPLACE) in 1962.

There are before the court several motions of the plaintiffs seeking preliminary relief, as well as cross-motions of the defendants. These motions are treated together in this memorandum.

The plaintiffs seek, pursuant to Rules 65 and 66 of the Federal Rules of Civil Procedure, the following provisional remedies, some of them in the alternative:

a) the appointment, *pendente lite*, of a receiver of the assets of BAEF; or alternatively

b) an order enjoining, *pendente lite,* certain of the defendants from invading the principal of BAEF, or spending any of its income for "other than its lawful purposes;"

c) an order enjoining, *pendente lite,* the election of any members or directors of BAEF;

d) an order enjoining, *pendente lite,* the use by the individual defendants of certain BAEF assets to aid in the defense of themselves or of defendant BIRTHPLACE in this litigation;

e) any other just and proper relief.

The defendants seek by their motions:

a) to dismiss the complaint on the ground that the plaintiffs lack capacity to sue, pursuant to Rules 9, 23 and 23.1 of the Federal Rules of Civil Procedure;

b) to sever and grant judgment for the defendants as to the third claim of the plaintiffs seeking removal of the individual defendants from their positions in BAEF and restoring to said positions former officials improperly removed, pursuant to Rules 23.1 and 54(b) of the Federal Rules of Civil Procedure;

c) to require the plaintiffs to file a bond or other security for costs, pursuant to Rule 83 of the Federal Rules of Civil Procedure and Rule 2 of the Civil Rules for the Southern and Eastern Districts of New York;

d) any other just and proper relief.

■■  The plaintiffs' motions will be considered first. At the outset, it might be observed that a motion for an injunction *pendente lite* is addressed to the judicial discretion of the district court.[1] It is an extraordinary remedy to be granted only upon a clear showing of probable success and possible irreparable injury.[2] Similarly, the appointment of a receiver "is, like an injunction, an extraordinary remedy, and ought never to be made except in cases of necessity, and upon a clear showing that * * * emergency exists, in order to protect the interests of the plaintiff in the property." [3]

■  These considerations necessarily place a heavy burden upon the party seeking the preliminary relief in question. In the opinion of this court, that burden has not been met in the instant case.

The papers accompanying the foregoing motions are voluminous. Both the moving parties and the opposing parties have submitted long and detailed histories of the background facts of this litigation, in the form of multiple affidavits of imposing length. In addition, the defendants have submitted as an exhibit and as part of their opposition to the plaintiffs' motion, the 461-page Volume One of the three volume work An American Epic, by former President Herbert Hoover. To attempt to reframe or summarize the several versions of the submitted histories, would be a formidable task indeed and goes beyond the requirements of this memorandum. To delineate all the issues in this matter really casts too great a burden on the court at this stage of the proceedings, even before a pre-trial order has been formulated. That factor, as well as the difficulty of doing so without unfairly representing the position of any witness or party is a substantial partial consideration in the determination not to attempt such a condensation here. Moreover, in view of the disposition of these motions, it does not appear that any useful purpose would be served by so doing.

■■  Accordingly, it is sufficient to note that the plaintiffs' requests for preliminary relief, if they were to be granted, would need support in the form of solid reasoning founded upon concrete propositions of fact from which necessary, or at least probable, inferences could be drawn as to possible future suc

---

1. 7 Moore, Federal Practice ¶ 65.04 [2] at p. 1630 (2d ed. 1966).

2. Societe Comptoir de l'Industrie Cotonniere Etablissements Boussac v. Alexander's Dept. Stores, Inc., 299 F.2d 33, 35 (2d Cir. 1962).

3. 7 Moore, Federal Practice ¶ 66.05 [1] at p. 1919 (2d ed. 1966).

cess and likelihood of irreparable injury. While the plaintiffs' papers are concededly addressed to the former requirement, they do not come near satisfying the latter. Furthermore, merely addressing the former requirement is not enough. The plaintiffs' papers do not by themselves succeed in establishing much beyond the proposition that the issues of law and fact requiring resolution in this case are many, and at present are hardly susceptible to a clear showing of probable success on the part of the plaintiffs. And a mere possibility of success, in the absence of any other weighty considerations, should not move this court to grant the drastic relief sought.

■ As to the question of irreparable injury in the event that the temporary relief is denied, the plaintiffs have not shown that such injury is either immediate or likely.

■ On this issue, the plaintiffs' affidavits rely on little more than vague inferences from the past behavior of questionable significance. There is no indication that the financial situation of BAEF has suffered since the grant of the gift that is the subject of this suit, nor that it is likely to suffer in the immediate future. The mere possibility that the gift may have been invalid is an insufficient basis upon which to grant the relief sought.

In summary, the plaintiffs have not made any clear showing of probable success or likelihood of irreparable injury so as to warrant the temporary relief requested. Accordingly, their motions are denied in all respects.

The defendants' motions shall now be taken up in order.

In support of their first motion, to dismiss the complaint on the ground that the plaintiffs lack capacity to sue, the defendants raise several arguments. They contend first, that as "members and directors" of BAEF, the plaintiffs have no standing to sue to enjoin unlawful conduct of a charitable corporation; second, that if the suit is brought derivatively on behalf of BAEF, the complaint must be dismissed for failure to make a demand upon the members; and third, that if the suit is brought as a class action on behalf of the class of "members," the plaintiffs do not adequately represent the class.

With respect to these contentions, the plaintiffs answer that: as to the first, "members and directors" do have the contested standing to sue; as to the second, that demand is not necessary where it would be merely a futile and idle gesture; and as to the third, that adequacy of class representation is not relevant in this matter which, although brought "on behalf of themselves and the other members and directors * * * similarly situated," is primarily a derivative action for the benefit of BAEF, and not a class action within the meaning of Rule 23(a), Fed.R.Civ.P.

■ On balance, the court is not satisfied of the correctness of the defendants' view of either the New York or Delaware law applicable to their first contention. The defendants cite no New York cases to support their position, and the only Delaware case cited [4] deals with (in the defendants' own words) "Delaware law regarding the lack of capacity of the *general public* to enforce a trust." [5] (Emphasis added.) As the plaintiffs point out, Section 26 of the New York Membership Corporations Law, McKinney's Consol.Laws, c. 35, gives any member of a charitable membership corporation the right, by petition to require the controlling members to account for their acts. For purposes of this motion, this court declines to pass on the question, not sufficiently argued before it, whether this statute is intended to apply to corporations organized under the laws of states other than New York. However, in view of this statute, and considering the implications of the fairly recent Delaware case of Denckla v. In-

4. Cannon v. Stephens, 18 Del.Ch. 276, 159 A. 234 (1932).

5. Defendants' brief in support of their motion, p. 18.

dependence Foundation, Inc.,[6] it would seem that neither New York law, nor Delaware law, bars the bringing of this suit by the plaintiffs herein and that there is sufficient basis for permitting them to continue.

 As to the requirement of a demand, the court agrees with the plaintiffs that where, as here, a demand would be futile, the requirement may be relaxed.

Finally, the plaintiffs' argument that any defects in the adequacy of its class representation need not be fatal is not unsound. The absence of any direct beneficial interest on the part of the members precludes the possibility of harm to members bound by the outcome, even though not parties to the action. The suit, though possibly susceptible to characterization as a class action, is, as plaintiffs contend, essentially derivative in nature, and for the benefit of BAEF.

Accordingly, the defendants' first motion, to dismiss the complaint on the ground of lack of capacity of the plaintiffs, is denied.

The defendants' second motion, to sever and dismiss the plaintiffs' claim, is founded on essentially the same argument as that advanced in support of its first motion. Accordingly, the foregoing comments addressed to the first motion are equally applicable here. The primary basis advanced for dismissing the claim is the failure to make a demand. As indicated above, this requirement is not absolute; rather, Rule 23.1, Fed.R.Civ.P., expressly permits its relaxation. Under the circumstances, of this case, it would seem somewhat formalistic and unrealistic to require a demand with respect to a supplemental complaint alleging certain conspiratorial actions occurring *subsequent* to the filing of the original complaint.

Finally, as to the defendants' third motion to require the plaintiffs to file a bond or other security for costs, the court is disinclined at present to grant the relief requested. Accordingly, the motion is denied.

The plaintiffs' motions for preliminary relief are denied in all respects. The defendants' motions to dismiss, and for severance and judgment upon the plaintiffs' third claim are similarly denied, and the defendants' motion for an order directing the filing of a bond or other security for cost is denied.

So ordered.

---

**6.** 41 Del.Ch. 247, 193 A.2d 538 (1963).
In that case, a suit by two members of a Delaware charitable corporation to attack the transfer of funds to another related charitable corporation was permitted (although the question of capacity was neither argued nor discussed in the opinion). The court found for the defendants on the merits.