**Robert D. HAASE, Plaintiff,**

v.

**Richard E. CHAPMAN et al., Defendants.**

**Civ. A. Nos. 15907–3, 17118–3.**

United States District Court
W. D. Missouri, W. D.

Aug. 29, 1969.

Douglas Stripp, Landon H. Rowland, Clifford S. Brown, Kansas City, Mo., for Watson, Ess, Marshall & Enggas, for plaintiff.

Roy P. Swanson, for Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, Mo., for defendant Baltimore Bank & Trust Co.

S. Preston Williams, for Williams, Norton & Pollard, North Kansas City, Mo., for defendants Chapman, Richard E. Chapman and Richard E. Chapman, Inc.

Clyde G. Meise, for Mitchell & Meise, Kansas City, Mo., for defendant Eastin.

Fred Bellemere, Jr., for Bellemere, Manford & Bellemere, Kansas City, Mo., for defendant DeVault.

BECKER, Chief Judge.

ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT A. H. CHAPMAN, DEFERRING RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RICHARD E. CHAPMAN, INC., GRANTING PLAINTIFF'S MOTION FOR PRODUCTION, AND GRANTING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF A RECEIVER

In Civil Action No. 17118–3, instituted as a supplemental action in equity in plaintiff's attempt to collect a judgment of $118,000, costs, and interest, obtained by him against defendant Richard E. Chapman, the plaintiff has alleged that a bearer note in the amount of $108,919.-

52, was given defendant Richard E. Chapman by garnishee Jack V. Eastin as consideration for conveyances of real estate. It is alleged that these conveyances and note were made after a finding of liability and before entry of judgment in Civil Action No. 15907–3; that the whereabouts of which note are unknown to plaintiff; that "said note is in the possession of defendant Richard E. Chapman, or in the alternative has been assigned to A. H. Chapman without adequate consideration and with knowledge of plaintiff's judgment in an attempt to defraud, hinder and delay plaintiff as judgment creditor"; and that defendant Richard E. Chapman "alleged assignment thereof to defendant A. H. Chapman [in Brazil] on March 25, 1968" (this allegation is admitted in defendant Richard E. Chapman's answer). On March 31, 1969, plaintiff's motion for "order to supposed vendee [defendant A. H. Chapman] to appear" and deliver the note into Court was denied because it was not shown that the Court had either personal jurisdiction over that defendant or over the *res* (the note) of which plaintiff requested delivery.

Now, plaintiff has filed three motions: (1) a motion for an order pursuant to Rule 69(a), F.R.Civ.P., and Rule 90.27, Mo.R.Civ.P., V.A.M.R., directing defendant Richard E. Chapman to deliver the note allegedly executed by Eastin into court; (2) a motion for production of documents and things for inspection, copying or photographing under Rule 34, F.R.Civ.P., to include the following records of Richard E. Chapman, Inc.:

"Shareholder lists, accounts receivable ledger, accounts payable ledger, cancelled checks, bank statements, duplicate deposit slips, payroll records, and vouchers in support of disbursements, all inventory records, all audit reports, all working papers of accountants, bookkeepers or other persons employed by said defendant relating to corporate transactions, records of fixed assets, all correspondence and other miscellaneous papers concerning or relating to said corporate business, all documents relating to the purchase, use and disposition of assets and materials, all deeds, assignments or other documents evidencing the assignment of fixed assets of the corporation, all income or other federal or state tax returns prepared or filed for or on behalf of said corporation, and any and all other records, papers, documents or other legible evidence relating or pertaining to transactions and engagements of the said corporate business";

and (3) a motion for appointment of a receiver. In addition, a motion for default judgment against defendant Richard E. Chapman, Inc., for failure to answer interrogatories pends from March 11, 1969; and there has been an application for entry of default against defendant A. H. Chapman for failure to answer summons.

■ The application for entry of default should now be denied. For the reasons stated in the order of March 31, 1969, and under the allegations of the pleadings, this Court does not have any jurisdiction of defendant A. H. Chapman, either personal or otherwise, to support such an entry of a default judgment. In such circumstances, the entry of any default judgment would be erroneous and subject to direct and collateral attack. See 6 Moore's Federal Practice ¶¶ 55.09, 55.10, p. 1828, n. 13 (1968 ed.).

■ Ruling on the motion for default judgment against Richard E. Chapman, Inc., should be deferred. The corporate defendant denies having received the interrogatories filed herein on October 22, 1968. The burden is on the movant to show proper service. There is no certificate that the interrogatories were served on said defendant. Plaintiff attaches a registered receipt of some article of mail on October 22, 1968. Within 10 days on behalf of plaintiff an affidavit should be filed and served concerning the material contained in the registered mail received as evidenced by the receipt. Within 10 days thereafter defendant Richard E. Chapman, Inc., should show

cause in writing why the default judgment should not be entered.

■ Plaintiff's motion to require defendant Richard E. Chapman to deliver the bearer note into Court under Missouri Civil Rule 90.27 (as made applicable in this proceeding by Federal Rule 69(a)) must also be denied in view of the lack of an affirmative allegation and proof that defendant Richard E. Chapman possesses the note, and the presence of an affirmative allegation by defendant (and the unsworn claim by defendant Richard E. Chapman) that the bearer note has been transferred to defendant A. H. Chapman in Brazil. Rule 90.27 authorizes an order requiring a defendant to deliver such a note of which a garnishee is maker into court, or if the defendant states as a reason for nondelivery that he has transferred the note to a third party, the court may (if it possesses jurisdiction of the person) require the appearance of that party with the note. It is implied that jurisdiction to order the appearance of the third party exists. When, however, it is already clear that defendant Richard E. Chapman claims a transfer of the note to defendant A. H. Chapman, a resident of Brazil, over whom no personal jurisdiction exists, it is clearly beyond the power of the court to make or enforce an order that A. H. Chapman personally appear with the note. Plaintiff has already been denied the only relief that he might expect to obtain under Missouri Rule 90.27 by the order of this Court entered on March 31, 1969.

Plaintiff, in his supplemental suggestions, insists that there has in fact been an affirmative allegation of defendant Richard E. Chapman's possession of the note here sought to be delivered into court. Rule 90.27, however, authorizes an order requiring a defendant to deliver such a note (of which a garnishee is maker) into court, or if the defendant states as a reason for nondelivery that he has transferred the note to a third party, the court may require the appearance of that party with the note. In

the absence of proof that Richard E. Chapman is able to produce the note, it is clear from defendant Richard E. Chapman's denial of the allegation that he has the note and his admission of plaintiff's alternative allegation that he has "alleged assignment thereof to defendant A. H. Chapman on March 25, 1968" that there is no proof that Richard E. Chapman possesses and can produce the note. The remaining alternative of ordering defendant A. H. Chapman to produce the note has already been determined adversely to plaintiff by the order of March 31, 1969, because the Court is without power to give such relief in the present state of the record.

■ Plaintiff relies upon the following emphasized portion of Rule 90.27 to show his right to an order for defendant Richard E. Chapman to deliver the note into court:

> " * * * and if the defendant, in showing cause for the nondelivery thereof, allege an endorsement or delivery thereof to some other person before the order of the court came to his knowledge, *the fact of such transfer and the consideration and good faith thereof may be inquired into and determined by the court;* and in order thereto, the alleged endorsee or transferee *and the defendant* may be examined, on oath, in open court * *."
> (Emphasis plaintiff's.)

However, the relief persistently asked for by the plaintiff in its supplemental suggestions is the delivery of the note into court. Where plaintiff agrees in his complaint that defendant Richard E. Chapman alleges "assignment thereof to defendant A. H. Chapman on March 25, 1968" the order for such delivery would be a useless act. Neither law nor equity authorizes this in the absence of jurisdiction to compel compliance. Plaintiff's remedy in this regard would have been to have asked for an order for examination of the judgment debtor (under Missouri Civil Rule 76.64 and Section 513.-380, RSMo, 1959, V.A.M.S.) to inquire directly into the circumstances surrounding the transfer without requiring the

court to issue as a condition precedent to the inquiry an order requiring production of a bearer note not alleged or proved to be within its jurisdiction.

■ The motion for defendant Richard E. Chapman, Inc., to produce documents and things as above specified is very broadly drawn, asking for all documents of the specified categories which pertain to the corporate business of that defendant, when the complaint herein seeks equitable relief only in regard to the bearer note with which the above motion is concerned. Nevertheless, the record in this case indicates that the defendant may have been engaged in fraudulent transactions involving Richard E. Chapman, Inc., calculated to conceal assets subject to execution herein. In such circumstances good cause exists for broad discovery of the records of Richard E. Chapman, Inc. The motion to produce will be granted.

■ Defendant's motion for the appointment of a receiver to receive the payments on the note when due and payable at the Baltimore Bank, filed in response to a suggestion of this Court, which was made in its order of March 31, 1969, should be granted. Such an appointment is proper, under both Missouri and Federal law, to preserve property pending a final determination of its disposition. Kelleam v. Maryland Cas. Co. of Baltimore, 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899; Gross v. Missouri & A. Ry. Co. (W.D.Ark.) 74 F.Supp. 242; Robinson v. Nick, 235 Mo.App. 461, 136 S.W.2d 374; Sec. 515.240, RSMo 1959, V.A.M.S. If the Baltimore Bank or an officer thereof will act as receiver, one or the other should be appointed.

In suggestions which were belatedly filed, defendants Richard E. Chapman and Richard E. Chapman, Inc., and garnishee Eastin oppose the appointment of a receiver *pendente lite*. It is the contention of the former defendants that defendant A. H. Chapman must properly

be made a party to this action before the receiver may lawfully be appointed and that he therefore must be served with summons, "informed of the complaint" and have an opportunity to be heard. In support of this contention defendants rely principally on the following quotation from American Jurisprudence:

> "One having possession of and [1] claiming title or right to property must be made a party to a proceeding to appointments thereof. Such property cannot be summarily taken from him by or through a receiver." 45 Am.Jur. Receivers § 100.

■ Defendant A. H. Chapman, however, is not proved to have possession of the property, the payments on the bearer note which defendant Richard E. Chapman allegedly negotiated to him, by virtue of the requirement of the note that they be paid at the Baltimore Bank and Trust Co., and the order of this Court which, since October 24, 1968, has restricted their payability to said bank. Nor is A. H. Chapman proved to be in possession of the bearer note. The party possessing the bearer note from time to time is unknown as far as proof is concerned. The note is readily transferable. Only the place of payment is certain. The alleged transferee thus need not be made a party to this action any more than the subsequent holder who may now conceivably possess the instrument. Defendants have quoted from Clark on Receivers, Chapter 3, Section 78, to the following effect:

> "Nevertheless no order can be made directly binding on a person unless he is properly in court, neither can his rights or interest in the property, if any, be foreclosed, except as the sovereignty dictates."

The appointment of a receiver *pendente lite* will not foreclose defendant A. H. Chapman's interest, if any, in the bearer note. Adequate process will be issued

---

1. Defendants cited this "and" as "or" in their suggestions. The conjunctive requirement may make a difference in this case, inasmuch as the defendant A. H. Chapman is not proved or alleged to have possession of the note.

to permit him and all others to assert their views. The receivership will only preserve the property pending the outcome of the suit. Eastin the maker admits in his counsel's letter that he has not been making payments on the note at the Baltimore Bank. He should be required to do so. Even so, by virtue of the note's payability at a Kansas City bank, and the residence in Kansas City of the debtor, jurisdiction personally and in rem exists of Eastin the maker and of the payments currently due.[2] Further, the property mortgaged to secure the note is located in the jurisdiction of this Court. The certificate of service on plaintiff's motion for appointment of a receiver shows that a copy thereof was mailed to defendant A. H. Chapman (and other copies of other pleadings herein have as well been mailed to him). In such circumstances, even though there is no proof of service of summons by mail on said defendant in the file, notice of these proceedings can be presumed. See Britton v. Green (C.A. 10) 325 F.2d 377. Furthermore, defendant A. H. Chapman and any subsequent holder of the note have constructive notice of possible infirmity in the instrument by virtue of its payability at the Baltimore Bank and by the failure by the holder to receive installment payments since the institution of Civil Action No. 17118-3, which should have put him on inquiry. In fact, the undisputed portions of the pleadings at this stage make out a strong case of fraudulent transfer wherein notice to the transferee may be assumed. Defendant Richard E. Chapman admits—and in fact contends for some purposes—that the transfer of the note was made in March 1968 after the finding of liability against defendant Richard E. Chapman

but prior to entry of judgment, to Richard E. Chapman's brother, Dr. A. H. Chapman. Thus, the transaction bears two well-defined badges of fraud: transfer pending the writ of execution (see, e. g. Russell v. Franks, 343 Mo. 159, 120 S.W.2d 37) and transfer to a relative, which does not alone constitute a badge of fraud but may constitute a badge of fraud in connection with other suspicious circumstances (see, e. g. Conrad v. Diehl, 344 Mo. 811, 129 S.W.2d 870). The silence of Richard E. Chapman is itself significant in equity. Though a lone badge of fraud will not usually prove fraud, more than one may nevertheless warrant an inference of fraud, especially when there is a concurrence of them. Conrad v. Diehl, *supra*; 37 C.J.S. Fraudulent Conveyances §§ 79–81. Here the concurrence of time of the transfer and the person to whom it was transferred, plus the fact that the transferee was and is not only out of the jurisdiction but out of the United States, offer strong probable cause to infer at this stage that the transfer was fraudulent. Defendants Chapman and Chapman, Inc., rely only upon a purported "presumption of consideration" contained at "VAMS 41.024". It appears that the reference was meant to be to § 401.024, which has now been replaced by § 400.3–408, which contains no direct presumption of consideration. Even so, the badges of fraud would not be rebutted by any such presumption. Where many badges of fraud exist, the burden is shifted to one relying on the challenged transactions, Gayle v. Jones (W.D.La.) 74 F.Supp. 262; cf. United States v. Shoemaker (E.D.Ark.) 110 F.Supp. 898, modified (C.A. 8) Hart v. United States, 207 F.2d 813, cert. den. 347 U.S. 919, 74 S.Ct. 519, 98 L.Ed. 1074.

2. The suggestions of garnishee Eastin indicate that he believes that the *res* over which jurisdiction must be had for the purpose of appointment of a receiver is the note itself. To this effect, he cites the court's previous opinion denying plaintiff's previous motion for delivery of the note into court. While, for the purposes of that motion, where it was sought to bring the note itself into court, the note in fact was the *res*, the *res* here is the debt, the unpaid installments and the mortgaged property.

It is true that in Federal Court a motion for the appointment of a receiver should be granted only under extraordinary circumstances. Kelleam v. Maryland Casualty Co., *supra*; Tcherepnin v. Franz (N.D.Ill.) 277 F.Supp. 472. See also Mintzer v. Arthur L. Wright Co. (C.A. 3) 263 F.2d 823; Chambers v. Blickle Ford Sales, Inc. (C.A. 2) 313 F.2d 252. Further, "[t]his is so, even though a State Court, exercising concurrent jurisdiction, may have appropriately appointed a Receiver in the same circumstances." Britton v. Green, *supra*, 325 F.2d at 382. It is clear, however, that where there probably has been fraudulent conduct, and there is imminent danger of the property being concealed, lost or diminished in value, legal remedies are not adequate, and the harm to the movant by denial would be greater than that to the opposing parties on appointment, the appointment should be granted. See Mintzer v. Arthur L. Wright Company, *supra*. Such is the case here, where the plaintiff may suffer irreparable harm as a result of the fraudulent transfer without the appointment of a receiver. Here, there has been a clear showing that an emergency exists justifying the appointment. Wickes v. Belgian American Educational Foundation (S.D.N.Y.) 266 F.Supp. 38.

Defendants finally object that there has been no affidavit showing the facts entitling plaintiff to this relief as required by Rules 65 and 66, F.R.Civ.P. Rule 65 applies to temporary restraining orders and not receivers and even so allows facts to be shown by "affidavit or . . . verified complaint," which in the present case is satisfied by the first amended complaint. Rule 66 imposes no particular requirement with regard to motions for receivers. It is clear from the cases that affidavits are not of indispensable necessity. Wickes v. Belgian American Educational Foun-

dation, supra; United States v. Auditorium Conditioning Corp. (S.D.N.Y.) 52 F.Supp. 528. All facts necessary for appointment of a receiver, relied on herein, appear clearly from the files and records in this case. When the pleadings, furthermore, show the movant's right to relief, as in the present case, affidavits are not a necessity. While it is said that practice under Rule 66 requires verification, 2A Moore's Federal Practice ¶ 11.04, n. 6, p. 2106 (1968 ed.), the same authority relies for its conclusion upon a case which does not state the requirement unequivocally.[3] In this case the facts relied on are admitted or are not controverted, and appear of record. Where, as here, no important factual allegations upon which plaintiff relies in seeking this order are controverted, the motion may be granted in the manner of a judgment on the pleadings or a summary judgment.

For the foregoing reasons, it is

Ordered that decision on the motion for default judgment against defendant Richard E. Chapman, Inc., be, and it is hereby, reserved pending receipt of plaintiff's counsel's affidavit concerning the material contained in the registered mail received as evidenced by the receipt and said defendant's response thereto within the time limits stated herein. It is further

Ordered that the motion for entry of default against defendant A. H. Chapman, be, and the same is hereby, denied. It is further

Ordered that plaintiff's motion for defendant Richard E. Chapman to deliver into Court "that certain note executed by defendant Jack V. Eastin on or about March 20, 1968, in the amount of $108,-919.52 and delivered to said Richard E. Chapman" be, and the same is hereby, denied. It is further

3.  Clark v. Brown (C.A. 8) 119 F. 130, 132, where it is said that such "irregularity which *might* have defeated the application." (Emphasis added.)

Ordered that plaintiff's motion for production, inspection and copying of documents and things under Rule 34, F.R.Civ.P., be, and the same is hereby, granted. It is further

Ordered that plaintiff's motion for appointment of a receiver to receive the payments on the said note when due and payable at the Baltimore Bank be, and it is hereby, granted. It is further

Ordered that the Baltimore Bank be, and it is hereby, appointed as said receiver. It is further

Ordered that after filing of the consent of the Baltimore Bank to act as receiver all past due and future payments of garnishee Eastin on the bearer note made by him and delivered to defendant be made at and to the Baltimore Bank as receiver and according to the tenor of the note in the future. It is further

Ordered that Eastin the garnishee be, and he is hereby, enjoined from making past, current or future payments on said note to any other party than the Baltimore Bank as receiver. It is further

Order that said payments be held by the Baltimore Bank for the use and benefit of the holder of the said bearer note or other party or parties determined to be entitled thereto by judgment of this Court. It is further

Ordered that the Baltimore Bank promptly notify this Court if the bearer note is presented at its banking house for collection of payments on said note. It is further

Ordered that the Baltimore Bank secure authority from this Court to pay out any moneys held by it as receiver. It is further

Ordered that this Court retain jurisdiction to make such other and further orders concerning the bearer note and payments thereon as the circumstances may warrant.