ZINKE–SMITH, INC., a corporation of the State of Florida,
Plaintiff

v.

WALTER MARLOWE, CLARE MARLOWE and HANS LOLLIK CORPORATION, a corporation of the United States Virgin Islands, Defendants

Civil No. 348-1970

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 16, 1971

*See, also, 323 F.Supp. 1151*

LOUD, CAMPBELL and DENNENBERG, ESQ. (ROGER D. CAMPBELL, ESQ., of counsel), Charlotte Amalie, St. Thomas, V.I., *for the plaintiff*

SIDNEY A. COHEN, ESQ., Charlotte Amalie, St. Thomas, V.I., *for the defendants*

CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

In its prayer for relief in this debt action, plaintiff seeks, among other things, the appointment of a receiver for the defendant corporation to collect and conserve its assets "for the benefit of the creditors of the defendant corporation and the general public."

 Although there is, in this record, some evidence that suggests mismanagement of the defendant corporation by the principal individual defendant, and notwithstanding the fact that on the evidence thus far adduced the corporation is apparently in financial difficulty, I nonetheless conclude that the application for the appointment of a receiver should be denied.

The appointment of a receiver is a matter within the sound discretion of the court, and each case must be determined upon its own conditions and circumstances, and in exercising this right the courts should ever keep in mind that a receiver is, like an injunction, an extraordinary remedy, and ought never be made except in cases of necessity, and upon a clear and satisfactory showing that the emergency exists, in order to protect the interests of the plaintiff in the property involved. The power of appointing receivers is one which the courts have said should be sparingly exercised and with great caution and circumspection. (Citations omitted.) Ford v. Taylor, 137 Fed. 149, 150 (9 Cir. 1905).

■ The passage of time has in no way diminished the soundness nor the vitality of the foregoing principles and absent a showing that the property of the defendant corporation is in grave and imminent danger of dissipation, the granting of this extraordinary relief could not be justified. Gordon v. Washington, 295 U.S. 30 (1935); Ford v. Taylor, supra; Mintzner v. Arthur L. Wright Co., 263 F.2d 823 (3 Cir. 1959).

■ It is undeniable that virtually all of the proceeds of a loan from the Virgin Islands National Bank to the corporation has been spent. The evidence before the Court is insufficient, however, to warrant the conclusion that such monies have been improperly spent. If such be the case, this is a fact yet to be proved. The main asset of the corporation, though encumbered, remains intact and the likelihood of its loss or dissipation has not been demonstrated.

The determination as to the claimed mismanagement or fraud which would justify appointment of a receiver must await a further evidentiary hearing. At that time, a more thorough exploration of the corporation's financial condition can be conducted. The matter of the necessity for services purchased and the reasonableness of fees charged (including those paid to defendant Walter Marlowe) may be

examined. Further, the nature of the project or development being undertaken by the corporation would command that only on the most cogent and compelling grounds should a receiver be appointed at this time. The special promotional skills and experience which the individual defendants bring to the business could well be a most important factor to be considered. See, Cumberland Publishing Co. v. Adams Real Estate Corporation, 432 S.W.2d 808 (1968). Moreover, placing the corporation in receivership would be a move hardly calculated to improve its prospects of receiving the financial assistance which, in any case, must and will be needed.

Resolution of the question of whether Zinke-Smith, Inc., is or is not a secured creditor likewise must await the taking of further testimony. Explication of the agreement of May 2, 1969, on which Zinke-Smith bottoms its claim to secured creditor status, and of all the surrounding circumstances, is a must, as enough facts, which would enable the Court to conclude one way or the other, cannot be gleaned from the present state of the record. The present appointment of a receiver would be inappropriate.

## ORDER

The premises considered, and the Court being fully advised,

IT IS ORDERED, that the application for the appointment of a receiver for the defendant corporation be and is hereby denied.