Alfred MILLER on behalf of himself and all others similarly situated
and
Derivatively on behalf of Fisco, Inc., Plaintiff,

v.

FISCO, INC., et al., Defendants.

Civ. A. No. 74–96.

United States District Court, E. D. Pennsylvania.

May 2, 1974.

See also, D.C., 63 F.R.D. 132.

Stuart H. Savett, Philadelphia, Pa., for plaintiff.

Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa., for defendants Fisco, Inc. and Gateway Ins. Co.

Alan J. Davis, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant Haskins & Sells.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Plaintiff has filed a class action complaint pursuant to §§ 10(b), 13(a), and 14(a) of the Securities and Exchange Act and various rules promulgated thereunder on behalf of himself and all other present or past shareholders of common stock of defendant, Fisco, Inc. (Fisco). The complaint alleges that the corporate and individual defendants fraudulently induced plaintiffs and other shareholders to purchase and retain excessively priced Fisco stock by failing to properly disclose in corporate reports and proxy statements pertinent facts concerning Fisco's management, operation and financial condition. Count 2 alleges common law fraud and deceit and breaches of fiduciary duties. The final count is a derivative suit brought by plaintiff on behalf of the Fisco corporation.

Fisco is a holding company and its wholly-owned subsidiary, Gateway Insurance Co. (Gateway), underwrites non-standard automobile risks. The individual defendants are corporate officers and directors of Fisco and/or Gateway. Haskins and Sells is the public accounting firm which certified the allegedly false and misleading financial statements.

Fisco's recent financial reports reveal that while Fisco's gross revenues are increasing, the corporation is sustaining sizable losses. From this, plaintiff argues that the assets of Fisco are being dissipated and its stock value depreciated by fraud and gross mismanagement of the individual defendants. Plaintiff further contends that Fisco's management has long been suppressing the financial and operational facts of the corporation. Plaintiff seeks a court-appointed receiver who will keep the Fisco shareholders fully informed by observ-

ing and reporting the daily operations of the corporation.

Defendants contend that plaintiff's allegations do not satisfy the strict requirements needed for appointment of a receiver.

At the outset there is disagreement as to the treatment of the record. Defendants contend that the allegations of fraud, mismanagement, and breaches of fiduciary duties are mere conclusions, and not factual allegations. Plaintiff analogizes his motion for appointment of a receiver to a motion to dismiss for failure to state a claim. On this basis, he contends, without citing any authority, that the allegations in his complaint and motion "must be taken as absolutely established and true."[1]

A complaint with attached verification and a motion entitled "Motion for Appointment of a Receiver or Custodian," together with various supporting memoranda have been filed by plaintiff. Defendants have filed an answer and reply memoranda. Hearing was fixed, at which time no evidence was submitted but oral argument was heard.

■ Plaintiff's unsubstantiated contention that the allegations and conclusions in his pleadings must be assumed to be true for purposes of a motion to appoint a receiver cannot be sustained on this record. If anything, the instant motion is more akin to a motion for injunctive relief than to a motion to dismiss for failure to state a claim. Wickes v. Belgian American Educational Foundation, 266 F.Supp. 38 (S.D.N.Y. 1967); cf. Haase v. Chapman, 308 F. Supp. 399 (W.D.Missouri 1969). Rather than accept plaintiff's allegations as true, it would appear more appropriate to weigh the allegation in light of the type of supporting affidavits and opposing pleadings. 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2949 (1973). In any event, even if the motion were ex parte and the factual allegations uncontested, I do not believe that the alleged "facts" are sufficient to justify the appointment of a receiver. Maxwell v. Enterprise Wall Paper Mfg. Co., 131 F.2d 400 (3d Cir. 1942).

■ The touchstones for deciding a motion for appointment of a receiver have been long established:

> The appointment of a receiver is a matter within the sound discretion of the court, and each case must be determined upon its own conditions and circumstances, and in exercising this right the courts should ever keep in mind that a receiver is, like an injunction, an extraordinary remedy, and ought never be made except in cases of necessity, and upon a clear and satisfactory showing that the emergency exists, in order to protect the interests of the plaintiff in the property involved. The power of appointing receivers is one which the courts have said should be sparingly exercised, and with great caution and circumspection.

Ford v. Taylor, 137 F. 149 at 150 (9th Cir. 1905). The Third Circuit more recently reaffirmed the preceding and characterized the appointment of a receiver as "an equitable remedy of rather drastic nature available at the discretion of the court . . . ." Mintzer v. Arthur L. Wright & Co., 263 F.2d 823 (3d Cir. 1959) at 824. Indeed, there exists a recurrent emphasis in "appointment" cases that a receiver is appropriate only under extraordinary circumstances. Maxwell v. Enterprise Wall Paper Mfg. Co., supra; Zinke-Smith, Inc. v. Marlowe, 323 F.Supp. 1151 (D.V. I.1971); Haase v. Chapman, supra; Tanzer v. Huffines, 287 F.Supp. 273 (D.Del.1968), aff'd, 408 F.2d 42 (3d Cir. 1969); Wickes v. Belgian American Educational Foundation, supra; Youngstown Sheet & Tube Co. v. Patterson-Emerson-Comstock of Indiana, 227 F.Supp. 208 (N.D.Ind.1963).

---

1. Plaintiff's reply memorandum in support of motion for appointment of receiver or custodian at 2.

Cases indicate various "extraordinary" circumstances justifying a receiver. A receiver may be appointed to preserve and protect property during the interim preceding the property's final disposition. Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282 (1935). More on point is the Supreme Court's statement in Burnrite Coal Co. v. Riggs, 274 U.S. 208 at 212, 47 S.Ct. 578 at 579, 71 L.Ed. 1002, that under general equity power a federal district court may appoint a receiver "to prevent threatened diversion or loss of assets through gross fraud and mismanagement of its officers." The loss of assets through waste and mismanagement has also been grounds for appointing a receiver. Tanzer v. Huffines 408 F.2d 42 (3d Cir. 1969). A receiver would be appropriate if the property of a corporation were in "grave and imminent danger of dissipation." Zinke-Smith, Inc. v. Marlowe, *supra*, at 1151. None of these circumstances are established in the instant action.

Following Fisco's news release in January 1974 declaring that its net loss for the nine month period ending September 30, 1973 would be $9,968,000 after a tax credit of $6,300,000.00,[2] the corporation published a shareholder's report for the same period. It included a short explanation of Fisco's financial status, management's efforts to curtail the losses, and an unaudited financial statement comparing losses and other financial facts for the nine and three-month periods ending September 30, 1973. The net loss for the third quarter was $11,952,000 after a tax credit of $7,281,000.00; total revenues for this three month period were $14,597,000.-00.[3] Fisco had previously reported net income gains of $982,000 for the first three months of 1973 and $1,984,000 for the first six months of that year.[4]

From the above facts and Fisco's alleged noncompliance with SEC regulations,[5] plaintiff fashions his argument that Fisco's management is misleading the corporate shareholders into believing that Fisco is experiencing a short three-month loss when in fact Fisco has experienced a long concealed history of losses and mismanagement which will result in insolvency unless a receiver is appointed who will timely disclose correct financial information to the corporate shareholders.

Although the losses that Fisco has incurred are staggering, I do not believe that the record warrants the Draconian use of a receiver. The cases cited by plaintiff authorizing this severe relief contain cumulative facts clearly distinguishable from the instant action. Except for the defendants, plaintiff seeks to represent all shareholders of Fisco. Therefore the dangers to the daily workings of a corporation generated by an internecine legal battle over an alleged fraudulent sale and ownership of a corporate division, present in Adelman v. CGS Scientific Corp., 332 F.Supp. 137 (E.D.Pa.1971) (relied upon by plaintiff), are not present in this case. In Los Angeles Trust Deed & Mortgage Exchange v. SEC, 285 F.2d 162 (9th Cir. 1960), cert. denied, 366 U.S. 919, 81 S.Ct. 1095, 6 L.Ed.2d 241 (1961), the court ruled that a receiver *pendente lite* was proper after the district court held a full trial and had found defendants

2. Exhibit "D" attached to plaintiff's motion for appointment of a receiver or custodian.

3. Exhibit "A" attached to plaintiff's reply memorandum in support of motion for appointment of a receiver or custodian.

4. Exhibits "B" and "C" attached to plaintiff's motion for appointment of a receiver or custodian.

5. Plaintiff originally argued that Fisco had failed to file its third quarter report (Form 10Q) with the SEC. Upon receiving additional information plaintiff has informed the court that the 10Q was filed, but two and one-half months late. At oral argument, plaintiff's counsel stated that Fisco had indicated on its Form 10Q that it would file an amendment to a Form 8K but did not know whether or not this form had been filed. Notes of testimony at oral argument heard on February 21, 1974, at 7. In a reply memo, defense counsel stated that Fisco had been permitted by the SEC to file a late third quarter report.

guilty of unlawful, deceitful and fraudulent acts in violation of SEC rules and regulations. Plaintiff correctly points out that the Third Circuit, in affirming the appointment of a receiver in Tanzer v. Huffines, *supra,* noted that one of the district court's reasons for ordering the appointment was defendants' failure to file an annual report with the SEC. However, the Third Circuit noted with equal emphasis that the district court had also relied upon (1) a prior finding that the individual defendants were guilty of gross and deliberate fraud in violation of federal securities law; (2) defendants' omission of material facts in a letter submitted to the court; and (3) misleading information in a stockholders annual report. The district court further noted that defendants had failed to responsively answer over 700 questions on deposition and that the value of the corporate stock in question declined from the point defendants gained control of the company. In reviewing all these factors, the Third Circuit held:

> We agree that collectively, at least, these reasons listed by the District Court are sufficient to require our holding that there was no abuse of discretion in the appointment of a receiver *pendente lite.*

*Id.* at 45.

■ These cases highlight the extreme circumstances needed to justify an appointment, concomitantly demonstrating the inappropriateness of a receiver in the instant action. There has been little solid evidence to substantiate the various allegations and conclusions of the plaintiff. I have been unable to locate, and plaintiff has failed to cite, any case holding that mere unprofitable operations, even when generated by mismanagement, constitute ground for appointment of a receiver. Plaintiff apparently extrapolates from Fisco's re-

cent financial reports and its late SEC filings,[6] the conclusion that Fisco is concealing from its shareholders a long history of mismanagement. On this point, the record includes only Fisco's financial reports and plaintiff's general affidavit accompanying the complaint that the facts "set forth therein are true and correct to the best of his knowledge, information, and belief." Such a record is too weak to warrant appointment of a receiver. Even the threat of insolvency, which may be a very real threat facing Fisco,[7] is inadequate to permit the appointment of a receiver:

> Nor is the threat of insolvency posed by the aggregate of the claims against defendant reason for appointment of a receiver. A receivership will not increase the assets of defendant available to satisfy whatever judgments the plaintiffs may ultimately recover. A receiver will not be appointed where it will do no good.

Mintzer v. Arthur L. Wright Co., *supra* at 826.

I am unable to determine what benefit a receiver would perform, especially in light of plaintiff's limited request that a receiver only provide shareholders with prompt and accurate information. If Fisco's financial matters are in need of clarification to its shareholders, the 1973 calendar year audit by Haskins and Sells should accomplish this purpose.[8] Considering the delicate position of Haskins and Sells, a comprehensive and informative audit is anticipated. Appointment of a receiver at this time could not in and of itself improve the present financial condition of the corporate defendants. The reports indicate substantial creditors whose payments are overdue. Should a receiver be appointed, undoubtedly such would have a very drastic effect upon any actions that might be taken by creditors. Realistic-

---

6. Apparently any SEC reports filed late were based on properly granted extensions of time.

7. In addition to the huge loss in the third quarter of 1973, Fisco stock was quoted at

$1 in January 1974, after selling for as high as $27.75 in 1973.

8. The audit is expected to be completed in the near future.

ally, the prospects are that an appointment would be disruptive of continued business activity by Fisco without providing any genuine assistance to the plaintiff or the proposed class member.

The motion will be denied.