**B & B INVESTMENT CLUB et al.,
Plaintiffs,**

**v.**

**KLEINERT'S INC. et al., Defendants.
Civ. A. No. 73-642.**

United States District Court,
E. D. Pennsylvania.

Sept. 19, 1974.

Harold E. Kohn, Harold E. Kohn, P. A., Washington, D.C., Allen D. Black, Philadelphia, Pa., Herbert E. Milstein, Washington, D.C., for plaintiffs.

Franklin Poul, Judith R. Cohn, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

This is an action under the securities laws which arises primarily out of a public offering of the stock of defendant, Kleinert's, Inc., on or about May 17, 1972. The action has previously been permitted to proceed as a class action. The plaintiffs represent all persons who purchased shares of the common stock of Kleinert's, Inc. in the period May 17, 1972 to December 7, 1972.

Plaintiffs in this action have now moved for the appointment of a receiver or custodian for Kleinert's, Inc., to preserve, administer and protect all the assets of the corporation and, pending the appointment of such receiver, for a preliminary injunction enjoining Kleinert's, Inc. from consummating or taking any further steps toward the discontinuance or disposition of any assets of Kleinert's, Inc., other than in the normal course of business, and particularly disposing of its interest in Brierwood Shoe Corporation. We have held an evidentiary hearing in this matter and given the plaintiffs an opportunity to present their case on the motion. We deny the plaintiffs' motion.

The plaintiffs have proven that, from a time soon after the public offering referred to above, Kleinert's, Inc. has suffered substantial losses and that its cash and credit position has become increasingly tight; however at this time, Kleinert's, Inc. is solvent although with a large percentage of unliquid assets. Kleinert's, Inc. has been and is presently in the process of selling off certain of its assets. The primary concern of the plaintiffs, however, is the potential sale of Kleinert's eighty (80) percent interest in the Brierwood Shoe Corporation.

This possibility arises out of a loan agreement between Kleinert's, Inc. and a number of banks. As of early 1973, Kleinert's arranged a revolving credit agreement with certain banks with a maximum loan limit of twelve (12) million dollars. In approximately October of 1973, Kleinert's, Inc. found itself in an extremely serious negative cash flow position and so arranged for a two (2) million dollar increase of the maximum loan limit. Kleinert's, Inc. obtained the two (2) million dollars and provided security therefor. In addition, to procure the additional loan, two directors of Kleinert's, Inc., Jack Brier and Sol Kittay, provided personal pledges of one (1) million dollars each; in that, if Kleinert's, Inc. was unable to pay down the bank loan from fourteen (14) million to twelve (12) million dollars on a date certain, the two directors could be called upon to loan one (1) million dollars each to Kleinert's, Inc. so that the corporation could reduce the outstanding indebtedness to twelve (12) million dollars. Also, late in 1973, the banks were pressing for collateral on the outstanding indebtedness and Kleinert's, Inc. was in default on certain covenants under the existing agreements. Under these circumstances, the entire outstanding debt could have been declared immediately due and payable and, consequently, on January 31, 1974, the underlying agreement was basically changed by a new agreement which provided, inter alia, that the entire loan was collateralized by virtually all of the assets of

Kleinert's, Inc. and the repayment term on the original loan amount was considerably shortened. There is, in addition, an agreement by which Sears, Roebuck & Co., which is the owner of the remaining twenty (20) percent of the stock of Brierwood Shoe Corporation and the principal customer of its products, entered into a "put" arrangement. The arrangement is that, if Kleinert's, Inc. defaults on its bank obligations and the banks foreclose and require the sale of Brierwood Shoe Corporation, Sears, Roebuck & Co. would purchase Kleinert's, Inc.'s stock in Brierwood under certain circumstances and procedures involving an appraisal of the value of Brierwood by a third party.

Kleinert's, Inc. is now apparently in default on its bank obligations, at least with regard to the required pay down of the debt from fourteen (14) to twelve (12) million dollars and the banks have requested the sale of Brierwood and that the "put" agreement go into operation.

The book value of Brierwood Shoe Corporation is five and one-half (5.5) million dollars and Kleinert's is currently attempting to find a buyer for that company at a minimum price of ten (10) million dollars in order to avoid the necessity of selling through the "put" agreement. There has been evidence presented that Brierwood is a business that has been carefully developed over a period of time and that it is just now reaching its full potential. There is also evidence that Kleinert's, Inc. is investigating the possibility of extricating itself from its present position without the sale of Brierwood Shoe Corporation; although, the only specific possibility in this respect is a loan from Sears, Roebuck & Co., subordinated to the loan of the banks.

If Brierwood Shoe Corporation is sold, Kleinert's, Inc. will essentially have only a textile business remaining consisting of plants at three locations with a volume of approximately twenty (20) million dollars a year and thirteen to fifteen hundred employees. There is no dispute that Brierwood Shoe Corporation constitutes the largest part of Kleinert's present business and is presently, Kleinert's only profitable business. The textile business which would remain after a sale of Brierwood would be small in comparison to the scale of business that has been conducted by Kleinert's in the past. The future viability and profitability of the textile business is disputed but we do not need to discuss this area in detail because we believe that the plaintiffs have fallen short of their burden at a point before this question becomes crucial.

■ The plaintiffs have requested this court to enter an injunction and appoint a receiver for a compnay at a time which is obviously, even from the brief recital of facts above, critical to the survival and viability of the corporation. Such action by this court is properly characterized as both drastic and heroic. Maxwell v. Enterprise Wall Paper Mfg. Co., 131 F.2d 400 (3 Cir. 1942). Obviously, the critical nature of the present decisions and circumstances are precisely what the plaintiffs point to in their request for relief, i. e. they argue that, unless the court acts now, nothing may be left of the corporate defendant. On the other hand, of course, the result feared by the plaintiffs may come about precisely because a court does thrust itself into this unfamiliar context. It is the stark reality of this second alternative plus the judicial judgment that ordinarily corporate decisions are best left in the hands of management that form the basis of the rule that the plaintiffs, in seeking the type of relief sought here, must show a clear probability of success on the merits and immediate and irreparable harm for which there cannot be adequate compensation in damages. The plaintiffs have not met this burden.

Unless the plaintiffs can show a probability of success on the merits of their claim, they are not entitled to relief; whether that claim, with respect to the present motion, be the securities laws violations charged in their complaint, Mintzer v. Arthur L. Wright Co., 263 F.2d 823 (3 Cir. 1959); Adelman v.

CGS Scientific Corporation, 332 F.Supp. 137 (E.D.Pa.1971), or fraud and mismanagement by the corporate officers and/or directors. Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 47 S. Ct. 578, 71 L.Ed. 1002 (1927); Tanzer v. Huffines, 408 F.2d 42 (3 Cir. 1969).

 The plaintiffs have not attempted to prove, nor have they in fact proven, a probability of success on the merits of their securities laws claims. They have proven that Kleinert's, Inc. has been and is suffering substantial losses and is in serious difficulty but they have not demonstrated that this situation is the result of fraud and/or mismanagement by the corporate officers and/or directors. Moreover, the appointment of a receiver is not warranted upon a demonstration of substantial losses alone. Miller v. Fisco, Inc., 376 F.Supp. 468 (E.D.Pa.1974).

The facts proven with respect to the transactions between Kleinert's, Inc. and the banks do not warrant the relief requested. The banks have obviously given value for any security interest they have received and we do not perceive the type of fraud warranting the relief requested by plaintiffs in the January 1974 collateralization of the loan. We cannot say the evidence presented indicates probable mismanagement or fraud by the management of Kleinert's, Inc. with respect to the arrangements worked out with the banks. The plaintiffs suggest, without strenuously arguing the proposition, that the collateralization transaction amounts to a preference under section sixty of the bankruptcy act.

We need, not comment on the merits of that suggestion for we do not believe that, even if there were the case, such a situation, under the circumstances of this case, would afford a basis for the type of relief requested here. Plaintiffs have suggested that a receiver could make a decision as to whether or not op-

position to the bank commitments may be the wisest course. However, we do not believe that the plaintiffs have established an adequate basis for relieving the present management of that decision. Plaintiffs, of course, can press this proposition in another forum if they perceive it to be in their best interests to do so.

The fact that the obligations of Messrs. Birer and Kittay, referred to above, have not been called upon to reduce the indebtedness to twelve (12) million dollars but rather that the banks have called for a sale of assets does not support plaintiffs' case, considering the circumstances under which those pledges were secured. The fact that it is the Brierwood Shoe Corporation that may be sold rather than the less profitable textile business indicates only that the sale of the latter is not a viable alternative because Kleinert's, Inc. would obviously prefer that course, and, in fact, attempted unsuccessfully to pursue it.

The sale of Brierwood Shoe Corporation, of course, has not yet taken place. In fact, whether that corporation will in fact be sold and, if so, the terms and conditions thereof are unknown. However, in this regard, it is clear that if the court granted the relief requested, the impact upon Kleinert's, Inc. would be devastating. Any possibility of Kleinert's, Inc. extricating itself from its present problems without selling Brierwood would be seriously jeopardized as would its attempts to get a better price for this business than it might through the "put" agreement.

Accordingly, the following order is entered.

### ORDER

And now, this 19th day of September, 1974, it is ordered that plaintiffs' motion for the appointment of a receiver and for a preliminary injunction, pending appointment is denied.